USCA1 Opinion

 

 December 29, 1992 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 92-1610 JOHN DEVLIN, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Joseph L. Tauro, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ___________________ Richard L. Neumeier, Paul M. Moretti and Parker, Coulter, ____________________ ________________ ________________ Daley & White on brief for appellant. _____________ A. John Pappalardo, United States Attorney, George B. ____________________ __________ Henderson, II, Assistant United States Attorney, and Thomas D. _____________ _________ Ramsey, Assistant Regional Counsel, Region I, Department of ______ Health and Human Services, on brief for appellee. __________________ __________________ Per Curiam. This appeal is from a judgment of the ___________ district court affirming a final decision of the Secretary of Health and Human Services ("Secretary") that appellant did not meet the disability requirements of the Social Security Act. Appellant's application for disability insurance benefits and Supplemental Security Income benefits, alleged an inability to work beginning on April 17, 1987, the day he met the special statutory earnings requirement for insured status. His application was initially denied, appealed, and denied again. A de novo hearing was held before an __ ____ Administrative Law Judge ("ALJ") on December 5, 1988. The ALJ found that appellant had a residual functional capacity for sedentary work activities, including his past relevant work, and so was not under a disability as defined in the Act. Appellant's request for review was denied by the Appeals Council. The district court upheld the ALJ's decision, finding it was based on substantial evidence. We affirm. Appellant was 45 years of age at the time of the de novo __ ____ hearing. He had a ninth grade education with some specialized vocational training in electronics. As relevant here, his employment history included work as a tester of personal computer boards. -2- Appellant was diagnosed as suffering from a heart condition, high blood pressure, respiratory impairment, and peripheral vascular occlusive disease with neuropathy of the left leg and foot. His heart condition required a triple bypass operation in 1985. A second bypass operation was considered, but not recommended because of the risks. These are indeed severe impairments, as the record shows, and the ALJ found. But to qualify for benefits under the Act, appellant had the burden of proving that by reason of one or more of them, he had an "inability to engage in any substantial gainful activity ... for a continuous period of not less than 12 months .... " 42 U.S.C. 423(d)(1)(A); 20 C.F.R. 404.1505; Bowen v. Yuckert, 482 U.S. 137, 140 _____ _______ (1987); McDonald v. Secretary of HHS, 795 F.2d 1118 (1st Cir. ________ ________________ 1986). Appellant carries this burden of proof throughout the first four steps of the sequential evaluation of the evidence required by the regulations. 20 C.F.R. 1520; Goodermote v. __________ Secretary of HHS, 690 F.2d 5, 7 (1st Cir. 1982). He _________________ challenges here the ALJ's determination at step four -- that, in light of appellant's residual functional capacity and the demands of his past relevant work, appellant could still engage in sedentary work he had done in the past as a tester of personal computer boards. 20 C.F.R. 1520(f). Appellant's burden at this step of the process included -3- proving that his impairment prevented him from returning to this type of work generally, not solely to the particular job. See Dudley v. Secretary of HHS, 816 F.2d 792, 794 (1st ___ ______ _________________ Cir. 1987); Gray v. Heckler, 760 F.2d 369, 372 (1st Cir. ____ _______ 1985). Appellant's primary argument here is that the ALJ's decision was not supported by the evidence. He also argues that the ALJ failed to consider the effect of the combination of impairments on appellant's residual capacity, did not properly develop evidence relating to the side effects of appellant's medications, and did not properly conduct the hearing. We deal with these arguments in turn. Under Section 205(g) of the Act, 42 U.S.C. 405(g), our standard of review is whether the Secretary's determination is supported by "substantial evidence." Although the record may support more than one conclusion, we will uphold the Secretary if "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortiz v. Secretary of HHS, 955 F.2d 765, _____ ________________ 769 (1st Cir. 1991) (quoting Rodriguez v. Secretary of HHS, _________ _________________ 647 F.2d 218, 222 (1st Cir. 1981)); see also Richardson v. _________ __________ Perales, 402 U.S. 389, 401 (1971). The resolution of _______ conflicts in the evidence is for the Secretary, not the courts. Ortiz, 955 F.2d at 769. Where the facts permit _____ diverse inferences, we will affirm the Secretary so long as -4- the inferences drawn are supported by the evidence, even if we might have reached a different conclusion. Rodriguez _________ Pagan v. Secretary of HHS, 819 F.2d 1, 3 (1st Cir. 1987), _____ ________________ cert. denied, 484 U.S. 1012 (1988); Lizotte v. Secretary of ____________ _______ ____________ HHS, 654 F.2d 127, 128 (1st Cir. 1981). ___ This is a close case because of the conceded severity of appellant's multiple conditions and the conflicting inferences that might be drawn from the evidence. However, we see no basis for questioning the ALJ's resolution of these conflicts. In determining that appellant retained a residual functional capacity for sedentary work, the ALJ placed primary reliance on evidence appellant himself produced. The ALJ rejected the agency doctors' conclusions that appellant could perform the more strenuous activities in the "light work" category. Appellant's combination of conditions, the ALJ said, precluded him from performing tasks in that category because of its requirements of extensive standing and walking. Nevertheless, appellant's own treating doctors' reports, combined with other record evidence, supported a finding that appellant retained sufficient residual capacity to perform the full range of sedentary work activities. While appellant correctly points out that in Gordils v. Secretary of HHS, 921 _______ ________________ F.2d 327, 329 (1st Cir. 1990), we reaffirmed that, "the ALJ -5- is not qualified to assess residual functional capacity based on a bare medical record," this is not such a case. The ALJ had here, in addition to an extensive medical record and the agency doctors' assessments and analyses of the record,1 a functional capacity assessment by appellant's treating physician, plainly stated in lay person's terms. On January 13, 1988, Dr. Sapienza, who had been appellant's treating physician for more than a decade, stated: [Appellant] is unable to perform work functions that will bring him much of a remunerative reward. Certainly he can sit for extended periods of time, but then has to get up and stretch his legs. He can stand for extended periods of time but he does have to get off his feet and rest. He can lift up to ten pounds without any problem. He can think and write. As the ALJ observed, sedentary work typically allows for the very conditions Dr. Sapienza here describes -- an alteration between sitting and standing, at least to the extent of ____________________ 1. We read the ALJ's rejection of the agency doctors' "light work" conclusion as a disagreement with the implied legal conclusion, not as a rejection of the doctors' firsthand observations of appellant, and analyses of the medical records. Like the treating doctors, the agency doctors said that appellant could not engage in repetitive climbing, balancing, stooping, kneeling, crouching and crawling. And, contrary to the suggestion in appellant's brief, we know of no rule that invariably requires assignment of "little" weight to reports by non-treating physicians. Both the absolute and relative evidentiary weight of doctors' reports must necessarily vary with the facts of each case. See, ____ e.g., Gray, 760 F.2d at 372-73; Sitar v. Schweiker, 671 F.2d ____ ____ _____ _________ 19, 22 (1st Cir. 1982); Rodriguez v. Secretary of HHS, 647 _________ _________________ F.2d 218, 223-24 (1st Cir. 1981). -6- allowing the claimant to get up and stretch.2 This report, together with the ALJ's "commonsense judgments about functional capacity based on medical findings," and the corroborating inferences he found in appellant's testimony, are clearly enough for substantial evidence. See Gordils, 921 ___ _______ F.2d at 329. Although the ALJ's interpretation of the record was not the only one possible, it was certainly a reasonable one.3 At the hearing, appellant's counsel offered a report dated December, 1988, from Dr. Moschitto, who had taken over as appellant's treating physician earlier in the year when Dr. Sapienza retired. Dr. Moschitto's report concluded: ____________________ 2. Sedentary work is defined in 20 C.F.R. 404.1567(a), as: [W]ork involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 3. We note that the arguments in appellant's brief are based on a different interpretation of the record, relying heavily on appellant's hearing testimony. Appellant estimated a more limited tolerance for sitting and standing -- saying that due to leg pain, he estimated he could only stand for 15 minutes at a time and sit for 30 minutes at a time. However, the ALJ is not required to accept appellant's own estimates over the doctors' reports. Frustaglia v. Secretary of HHS, 829 F.2d __________ _________________ 192, 195 (1st Cir. 1987). On appeal, the ALJ's credibility determinations and resolutions of conflicts in evidence, are entitled to deference, especially when supported by specific findings. Id. ___ -7- [Appellant's] coronary and peripheral vascular disease are clearly a severe degree such that he is totally disabled. I am not aware of any unskilled job in the present labor market that does not involve mental stress, prolonged standing or ambulation to a degree that he is capable of doing safely. Partly because of the competing inferences to be drawn from this report, the ALJ decided, sua sponte, to hold open ___ ______ the record for 15 days after the hearing to give appellant an opportunity to supplement the evidence. The ALJ carefully explained that despite a surface conflict with Dr. Sapienza's assessment, Dr. Moschitto's conclusion of "total" disability is ambiguous. It appears to be based as much or more on Dr. Moschitto's belief about the configuration of the labor market, in which he was not a known expert, as on an assessment of appellant's functional capacity. Further, Dr. Moschitto's statement that appellant could not engage in "prolonged" standing or ambulation, is not necessarily inconsistent with a residual functional capacity for sedentary work. Despite the opportunity to do so, the supplementary materials and memorandum which appellant then produced did not explain the ambiguity in Dr. Moschitto's report, address the inconsistency between the treating doctors' conclusions, nor undermine the plain import of Dr. Sapienza's opinion. In light of appellant's failure to produce proof directly supporting a contrary interpretation, we have no -8- difficulty concluding that the ALJ did not err in determining, on the basis of substantial evidence, that appellant had a residual functional capacity for sedentary work. See Rodriguez Pagan, 819 F.2d at 3. ___ _______________ There was also substantial evidence, based on appellant's own written description of his past work, to support the determination that appellant was capable of returning, specifically, to his past relevant work as a computer board tester. The ALJ was entitled to rely on the claimant's own job description. Santiago v. Secretary of ________ ____________ HHS, 944 F.2d 1, 5 (1st Cir. 1991). To the extent that it ___ diverged from the description claimant gave at the hearing, we defer to the ALJ, who is in the better position to resolve such conflicts. Ortiz, 955 F.2d at 765. _____ Appellant's remaining assignments of error do not withstand a reading of the record. First, contrary to appellant's characterization, it is clear from the ALJ's lengthy analysis of the evidence that he considered the effect of the "combination" of appellant's conditions on appellant's ability to work. See McDonald, 795 F.2d at 1126. ___ ________ Moreover both the treating and examining doctors' assessments were based on the effect of the combination of conditions. The ALJ's analysis reasonably reflected the evidence in the record by placing greatest emphasis on appellant's two most severe conditions, the heart and vascular problems. The ALJ -9- did not, by any stretch however, ignore appellant's respiratory, back, and other conditions. Nor do we see any support for appellant's complaints that the ALJ misread the medical record, or unfairly selected sections of the reports, while ignoring the record's overall spirit. The ALJ's resolution of the conflicts in the medical evidence was supported by substantial evidence. Rodriguez Pagan, 819 F.2d _______________ at 3. Second, the ALJ did not err by failing to develop evidence relating to any disabling side effects of appellant's medicines. See Figueroa v. Secretary of HEW, 585 ___ ________ ________________ F.2d 551, 554 (1st Cir. 1978). The ALJ's opinion fairly summarized all the evidence in the record about appellant's medications, which consisted primarily of listings of prescriptions, and appellant's abbreviated, somewhat inconsistent, testimony about side effects. But appellant offered no testimony linking these side effects to an inability to engage in sedentary work activities. And, despite the ALJ's express invitation to supplement the record, no evidence regarding such a link was offered. Since appellant bore the burden of producing threshold evidence on this issue, he cannot now complain. Santiago, 944 F.2d at 6. ________ We also reject appellant's related argument, raised for the first time on appeal, that the presence of this non- -10- exertional factor required use of a vocational expert, rather than the grid. Finally, appellant faults the ALJ for the brevity of the hearing (30 minutes). He sees unfairness, too, in the 8-page length of the ALJ's report, as compared with some 280 pages of medical and vocational evidence. These arguments are specious both in their reliance on an imaginary numerical norm, as well as the aspersions they cast upon the ALJ's attentiveness. The record clearly shows that the ALJ did a thorough and competent job in a difficult case. He was familiar with the record at the time of the hearing, developed the testimony and elicited further proof in an organized and professional manner. Not only was there no objection below to the ALJ's conduct of the hearing, but appellant's counsel expressly declined the opportunity to control and lengthen the presentation of his case, asking only a few follow-up questions. Appellant bore the burden of proof below. He has been represented by counsel, albeit different ones, at every stage of the proceedings. Although social security proceedings are not strictly adversarial, and the Secretary bears a responsibility for adequate development of the record, Evangelista v. Secretary of HHS, 826 F.2d 136, 142 (1st Cir. ___________ ________________ 1987), we think the ALJ here did all that could be done. He did not sit back, but attempted to assist appellant to -11- develop the record, pointed out the deficiencies as he perceived them, and held the record open for supplementation supportive of appellant's view of the case. No more can be required. Accordingly, the judgment below is affirmed. _________ -12-