Ronald E. SARETTE, Plaintiff,

v.

Louis W. SULLIVAN, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 92–10464–GN.

United States District Court,
D. Massachusetts.

Jan. 25, 1994.

Joseph F. Agnelli, Jr., Keches & Mallen, Taunton, MA, for plaintiff.

Charlene A. Stawicki, Susan M. Poswistilo, U.S. Attorney's Office, Boston, MA, for defendant.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of the final decision reached by the Secretary of Health and Human Services ("Secretary") under the Social Security Act, as amended, 42 U.S.C. § 405(g).

On January 25, 1990, Ronald E. Sarette filed an application for disability insurance benefits and supplemental security income claiming he has been unable to work since June 16, 1988 due to nerve damage and lack of mobility in his left hand and arm. Plaintiff's application was denied initially and after reconsideration by the Social Security Administration ("SSA").

The Administrative Law Judge ("ALJ") considered the matter *de novo*, and on February 1, 1991, found that plaintiff was not under any disability. On December 23, 1991, the Appeals Council denied the request for review, rendering the decision of the ALJ the final decision of the Secretary of Health and Human Services. Plaintiff then filed this motion for summary judgment requesting that this Court vacate the Secretary's decision and enter judgment for the plaintiff or in the alternative reverse and remand the case for further proceedings.

### I. FACTS

Plaintiff was 45 years old at the time of the ALJ decision, had previous work experience as a machine operator, truck driver and furniture mover. Plaintiff seeks to establish the onset of his disability as June 16, 1988, when he fell from the back of a truck while at work and injured his left (non-dominant) wrist and forearm.

Plaintiff consulted many doctors including Drs. Veneziano, Lahey, Morgan and Giustolisi for his wrist pain. A closed reduction and cast application was performed by Dr. Veneziano in June 1988. In February 1989, plaintiff underwent surgery involving anterior transposition of the left ulnar nerve. Following surgery, plaintiff reported a reduction in numbness and pain in the wrist area. Dr. Morgan suggested that plaintiff be retrained for more sedentary tasks, clearly indicating that plaintiff was capable of working. None of plaintiff's doctors indicated that plaintiff's pain would prevent him from working.

Plaintiff testified that he takes only over-the-counter pain medication, he does not do any cooking or cleaning around the house and does not mow the lawn or shovel snow. He stated that he sometimes takes out the trash. However, in a disability report dated January 1990, plaintiff indicated that he washes dishes daily, dusts occasionally, visits with friends or relatives two to three times a week and drives an automatic car daily.

Non-examining physicians who reviewed the medical evidence concluded that plaintiff could perform light work. A vocational expert testified that all of plaintiff's past jobs involved heavy work. Nevertheless, there are a number of light jobs that require the use of only a single upper limb which the plaintiff is capable of performing.

## II. LEGAL ANALYSIS

### A. *Standard of Review*

■ Review of the Secretary's final decision is limited as mandated by 42 U.S.C., § 405(g). Factual findings by the Secretary must be affirmed if they are supported by substantial evidence. *Id.; Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128–130 (1st Cir.1981). Although the record may arguably support more than one conclusion, the Secretary's decision must be upheld, "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support (her) conclusion." *Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir. 1991) (*quoting Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981)).

■ It is the responsibility of the Secretary to determine issues of credibility and to resolve conflicts in the evidence, not the courts. *Id.* Where facts permit diverse inferences, the Secretary will be affirmed so long as the inferences drawn are supported by the evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *Lizotte,* 654 F.2d at 128.

### B. *Disability Analysis*

■ Plaintiff contends that the decision of the ALJ is not supported by substantial evidence and was an improper application of the law. Specifically, plaintiff alleges that the Secretary improperly applied the "reasonableness" test set out in 42 U.S.C., § 423(d)(5)(A), by finding that plaintiff's allegations of pain were not credible nor consistent with the objective medical signs and findings of record. Furthermore, plaintiff asserts that the Secretary required too strict a nexus between his allegations of pain and the objective medical signs and findings of record. This Court finds plaintiff's arguments unconvincing.

■ To establish entitlement to benefits, a plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. *Bowen v. Yuckert,*

482 U.S. 137, 146–47 n. 5, 107 S.Ct. 2287, 2294 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health & Human Services,* 686 F.2d 76, 79 (1st Cir.1982). The Social Security Act defines disability in §§ 216(i)(1), 223(d)(1) and 1614(a)(3)(A) (42 U.S.C. §§ 416(i)(1), 423(d)(1) and 1382c(a)(3)(A)), as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.

■ Sections 223(d) and 1614(a) of the Act (42 U.S.C. §§ 423(d) and 1382c(a)), further provide, in pertinent part, that an individual:

> shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

A "physical or mental impairment" is defined as:

> an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Under section 223(d)(5) of the Act (42 U.S.C. § 423(d)(5)):

> An individual shall not be considered under a disability unless he furnishes such medical and other evidence thereof as the Secretary may require.

Thus, evidence of an impairment is not enough to warrant an award of disability insurance benefits. A claimant must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *McDonald v. Secretary of Health & Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986).

In the case at bar, although the evidence shows that plaintiff had residual distal and radius fractures, and continuing signs of ulnar nerve neuropathy, there is substantial evidence in the record to support the ALJ's finding that the condition did not meet or equal the criteria of the impairments listed at 20 C.F.R., Appendix 1, Subpart P, Part 404. After evaluating all of the evidence presented, the ALJ determined that plaintiff had a residual functional capacity for light and sedentary work which was reduced by nonexertional limitations. These limitations include an inability to do work that 1) requires lifting and carrying in the excess of ten pounds frequently and twenty pounds occasionally, 2) requires the use of his left arm and hand, and 3) could not be performed due to occasional spasms of sharp pain.

At age 45, plaintiff is defined by 20 C.F.R. § 404.1563 as a "younger person". He is unable to perform his former work, has a limited education and does not have any transferable work skills. However, based on plaintiff's exertional capacity for "light" or "sedentary" work and his age, education, and work experience, the medical vocational guidelines established at 20 C.F.R., Part 404, Subpart P, Appendix 2 direct a conclusion of "not disabled". Accordingly, plaintiff cannot be found to lack the ability to be gainfully employed and cannot be considered disabled as defined by the Social Security Act.

### 1. *Avery* Standard

With respect to plaintiff's allegations of disabling pain and related incapacity, the ALJ considered the record in light of *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir.1986). Pursuant to *Avery,* the ALJ assessed the credibility of the of plaintiff's complaints, considering:

"1) the nature, location, onset, duration, frequency, radiation and intensity of pain;

2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3) type, dosage, effectiveness and adverse side effects of any pain medication;

4) treatment, other than medication, for relief of pain;

5) functional restrictions; and

6) the claimant's daily activities."

*Id.* at 28–29. The ALJ found plaintiff's complaints not credible to the extent alleged.

■ Moreover, plaintiff's multiple complaints on their own cannot render him disabled under the definition in the Social Security Act. "A claimant's statement as to his pain shall not alone be conclusive evidence of disability." *Id.* at 20. Rather, there must be:

medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged....

42 U.S.C. § 423(d)(5). A disability is only established if the medical findings,

when considered with all the evidence ... (including statements of the individual or his physician as to the intensity or persistence of such pain ... which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.

*Avery,* 797 F.2d at 21. The ALJ examined the record and determined that plaintiff's condition did not meet the requirements for disability as it is statutorily defined. The Judge further concluded that the plaintiff's complaints did not rise to the level of disability and that plaintiff was capable of light or sedentary work.

### 2. *Luna* Standard

■ In his motion for summary judgment, plaintiff asks this Court to consider the two-step test for analyzing allegations of pain set forth by the United States Court of Appeals for the Tenth Circuit in *Luna v. Bowen,* 834 F.2d 161 (10th Cir.1987). The issue in *Luna* was the weight to be given by the decision maker to subjective allegations of pain after a finding, based on objective medical evidence, that a pain-producing impairment exists. *Id.* at 163. The court found that once the impairment is proven the decision maker must consider all of the evidence presented, including the severity of the pain alleged, to determine whether the claimant's pain is dis-

abling. *Id.* This Court agrees. After reviewing the ALJ decision in the case at bar, this Court finds that it is in compliance with the standard set forth in both *Luna* and *Avery*.

The first step of the analysis articulated in *Luna* requires the decision maker to determine only if a loose nexus exists between the pain alleged and the medical evidence, by determining if the impairment is one that could "reasonably" be expected to produce the alleged disabling pain. *Luna*, 834 F.2d at 163. The Tenth Circuit Court of Appeals went on to explain:

> the decision maker takes the subjective allegations of pain as true in determining whether they are reasonably related to the proven impairment. He does not evaluate the claimants credibility.... If an impairment is reasonably expected to produce *some* pain, allegations of *disabling* pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence.

*Id.* at 163, 164.

According to the Court in *Luna*, once a determination has been made that the appropriate nexus exists the decision maker proceeds to the second step of the analysis. That step requires the consideration of all evidence presented to determine whether claimant's pain is, in fact, disabling. *Id.* at 163. Such evidence includes the medical data and other objective indications of the degree of pain, as well as subjective accounts of the severity of pain. As the Court in *Luna* further explained, "[o]nly at this point may the decision maker decide whether he believes the claimant's assertions of severe pain." *Id.* At the second step, therefore, the ALJ is to consider factors which include the claimant's credibility. *Sand v. Shalala*, 820 F.Supp. 1299, 1307 (D.Kan.1993), *citing Luna*, 834 F.2d at 165–66.

The Secretary, in the case before this Court, found a nexus between the medical evidence and the pain alleged by plaintiff. However, after considering all of the evidence, including objective findings, plaintiff's daily activities, subjective complaints and credibility, the ALJ concluded that plaintiff's

pain was not disabling, as defined in Title II of the Social Security Act.

### ORDER

For the foregoing reasons, this Court finds that the ALJ's determination that plaintiff is not disabled within the meaning of the Social Security Act was not an error of law and was consistent with the substantial evidence and relevant legal standards. Accordingly, the decision of the ALJ is **AFFIRMED** and plaintiff's motion for summary judgment is **DENIED.**

So Ordered.