[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1548

LINDA KEATING,

Plaintiff, Appellant,

v.

SHIRLEY S. CHATER,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Selya, Stahl and Lynch,
Circuit Judges.

Francis X. Quinn, Jr., Benjamin T. King and Boynton, Waldron,
Doleac, Woodman & Scott, P.A. on brief for appellant.
Donald K. Stern, United States Attorney and Christopher M.
Tauro, Assistant U.S. Attorney on brief for appellee.

December 14, 1998

Per Curiam. Claimant Linda J. Keating appeals from
the judgment of the district court which affirmed the decision
of the Commissioner of Social Security that she was not
entitled to Social Security disability benefits. On appeal,
claimant argues that the determination of the administrative
law judge (ALJ) that her impairments did not prevent her from
performing the full range of sedentary work was not supported
by substantial evidence. However, in support of this
contention, claimant raises on appeal arguments that were not
presented, in the first instance, to the district court. 
"Ordinarily, an appellant who has not proffered a particular
claim or defense in the district court may not unveil it in the
court of appeals." National Ass'n of Social Workers v.
Harwood, 69 F.3d 622, 627 (1st Cir. 1995) (internal quotation
marks and citation omitted). We nonetheless briefly address,
and reject, these new arguments.
1. Claimant's argument that her alleged inability to
work full-time precludes a finding that she retained the
capacity for the full range of sedentary work is based on the
report of the physical therapist. However, contrary to
claimant's assertion, this report is not uncontradicted. In
particular, Dr. Marini did not limit claimant to part-time work
when he opined that she was a candidate for retraining for a
sedentary job and the RFC assessment completed by the
consulting physician assumed that claimant could work full-
time. These reports provide substantial evidence to support
-2-
the ALJ's use of the grid based on her decision that claimant
had the ability to perform a wide range of sedentary work. SeeRodriguez Pagan v. Secretary of Health and Human Services, 819
F.2d 1, 2-3 (1st Cir. 1987) (per curiam) (holding that the
Secretary did not act unreasonably in crediting the RFC
assessment of a consulting physician which established that
claimant could perform sedentary work, rather than the
conflicting reports of two of claimant's treating physicians;
also affirming the Secretary's use of the grid).
2. Claimant next contends that the uncontradicted
evidence in the record shows that the limitations on the use of
her right hand prevent her from being able to perform the full
range of sedentary work. This argument fails for the simple
reason that the record, in fact, contains conflicting evidence
regarding the problems with claimant's right hand. See Irlanda
Ortiz v. Secretary of Health and Human Services, 955 F.2d 765,
769 (1st Cir. 1991) (per curiam) (conflicts in the evidence are
for the Commissioner, not the courts).
Significantly, the EMG conducted in March 1992
revealed no evidence of carpal tunnel syndrome or neuropathy in
claimant's hands. Further, in his discharge summary, Dr.
Marini, claimant's treating chiropractor, did not note any
problems with claimant's right hand when he opined that
claimant could perform sedentary work. Similarly, Dr. Krutt,
in September 1993, stated that claimant had no objective
findings which would prevent her from engaging in normal
activities and Dr. McCann's December 1992 physical examination
did not reveal any pathological reflexes, weakness or sensory
disturbances. Finally, although the physical therapist
determined that claimant had limited use of her right hand, she
concluded only that this limitation prevented claimant from
performing her past work as a chef; the physical therapist did
not state that the limitation prevented claimant from doing any
other kinds of work.
3. Claimant again relies on the report of the
physical therapist for the argument that there is
uncontradicted evidence in the record that she needs to
alternate positions frequently. However, as with the
contention regarding the limitations in the use of her right
hand, claimant ignores the rest of the record. Specifically,
the residual functional capacity assessment of the consulting
physician did not state that claimant is limited by any need to
alternate positions; rather, this physician opined that
claimant could sit and stand for up to six hours each in an
eight-hour day. This assessment, then, provides conflicting
evidence on which the ALJ was entitled to rely. See Rodriguez
Pagan, supra, 819 F.2d at 2-3.
Based on the foregoing, the ALJ's reliance on the
grid was appropriate and a vocational expert was not required
to testify regarding what jobs claimant could perform despite
her impairments. See Ortiz v. Secretary of Health and Human
Services, 890 F.2d 520, 524-25 (1st Cir. 1989) (per curiam). 
The judgment of the district court is therefore
affirmed.