USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1548 LINDA KEATING, Plaintiff, Appellant, v. SHIRLEY S. CHATER, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] Before Selya, Stahl and Lynch, Circuit Judges.   Francis X. Quinn, Jr., Benjamin T. King and Boynton, Waldron,Doleac, Woodman & Scott, P.A. on brief for appellant. Donald K. Stern, United States Attorney and Christopher M.Tauro, Assistant U.S. Attorney on brief for appellee.December 14, 1998   Per Curiam. Claimant Linda J. Keating appeals from the judgment of the district court which affirmed the decision of the Commissioner of Social Security that she was not entitled to Social Security disability benefits. On appeal, claimant argues that the determination of the administrative law judge (ALJ) that her impairments did not prevent her from performing the full range of sedentary work was not supported by substantial evidence. However, in support of this contention, claimant raises on appeal arguments that were not presented, in the first instance, to the district court.  "Ordinarily, an appellant who has not proffered a particular claim or defense in the district court may not unveil it in the court of appeals." National Ass'n of Social Workers v. Harwood, 69 F.3d 622, 627 (1st Cir. 1995) (internal quotation marks and citation omitted). We nonetheless briefly address, and reject, these new arguments. 1. Claimant's argument that her alleged inability to work full-time precludes a finding that she retained the capacity for the full range of sedentary work is based on the report of the physical therapist. However, contrary to claimant's assertion, this report is not uncontradicted. In particular, Dr. Marini did not limit claimant to part-time work when he opined that she was a candidate for retraining for a sedentary job and the RFC assessment completed by the consulting physician assumed that claimant could work full- time. These reports provide substantial evidence to support -2- the ALJ's use of the grid based on her decision that claimant had the ability to perform a wide range of sedentary work. SeeRodriguez Pagan v. Secretary of Health and Human Services, 819 F.2d 1, 2-3 (1st Cir. 1987) (per curiam) (holding that the Secretary did not act unreasonably in crediting the RFC assessment of a consulting physician which established that claimant could perform sedentary work, rather than the conflicting reports of two of claimant's treating physicians; also affirming the Secretary's use of the grid). 2. Claimant next contends that the uncontradicted evidence in the record shows that the limitations on the use of her right hand prevent her from being able to perform the full range of sedentary work. This argument fails for the simple reason that the record, in fact, contains conflicting evidence regarding the problems with claimant's right hand. See Irlanda Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (conflicts in the evidence are for the Commissioner, not the courts). Significantly, the EMG conducted in March 1992 revealed no evidence of carpal tunnel syndrome or neuropathy in claimant's hands. Further, in his discharge summary, Dr. Marini, claimant's treating chiropractor, did not note any problems with claimant's right hand when he opined that claimant could perform sedentary work. Similarly, Dr. Krutt, in September 1993, stated that claimant had no objective findings which would prevent her from engaging in normal activities and Dr. McCann's December 1992 physical examination did not reveal any pathological reflexes, weakness or sensory disturbances. Finally, although the physical therapist determined that claimant had limited use of her right hand, she concluded only that this limitation prevented claimant from performing her past work as a chef; the physical therapist did not state that the limitation prevented claimant from doing any other kinds of work. 3. Claimant again relies on the report of the physical therapist for the argument that there is uncontradicted evidence in the record that she needs to alternate positions frequently. However, as with the contention regarding the limitations in the use of her right hand, claimant ignores the rest of the record. Specifically, the residual functional capacity assessment of the consulting physician did not state that claimant is limited by any need to alternate positions; rather, this physician opined that claimant could sit and stand for up to six hours each in an eight-hour day. This assessment, then, provides conflicting evidence on which the ALJ was entitled to rely. See Rodriguez Pagan, supra, 819 F.2d at 2-3. Based on the foregoing, the ALJ's reliance on the grid was appropriate and a vocational expert was not required to testify regarding what jobs claimant could perform despite her impairments. See Ortiz v. Secretary of Health and Human Services, 890 F.2d 520, 524-25 (1st Cir. 1989) (per curiam).  The judgment of the district court is therefore affirmed.