**[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]**

# United States Court of Appeals
## For the First Circuit

---

No. 99-2344

BLANCA RIVERA,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Torruella, Chief Judge,
Selya and Stahl, Circuit Judges.

---

Fabio A. Roman Garcia on brief for appellant.
Guillermo Gil, United States Attorney, Lilliam Mendoza Toro, Assistant U.S. Attorney, and Robert M. Peckrill, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

---

July 25, 2000

---

**Per Curiam**.  After carefully reviewing the briefs and record on appeal, we affirm the Commissioner's decision. The record contained substantial evidence that the appellant suffered no severe, nonexertional impairment of twelve-months duration.  The ability to engage in repetitive wrist motion is normally an exertional capacity.  The appellant did not develop any argument that her need to avoid repetitive wrist motion operated as a nonexertional impairment in her case.  20 C.F.R. 404.1569a; Rodriguez Pagan v. Secretary of Health and Human Services, 819 F.2d 1, 2 (1st Cir. 1987).

Although manual dexterity is a nonexertional capacity required for sedentary work, the record contained explicit medical findings of adequate manipulative skills. The March 1995 medical report stated, *inter alia*, that the appellant could handle common objects and lift medium weights, and the March 1992 report stated that she had full range of motion in her left hand.  Moreover, the record contained no evidence that the appellant had any severe, manual impairment that persisted for at least twelve months. 20 C.F.R. § 404.1509.  The record shows that her symptoms were initially sporadic in the first year of alleged disability, she sought no treatment for the next three

years, and her ability to handle common objects was reported to be normal at the end of the disability period. <u>Irlanda Ortiz</u> v. <u>Secretary of Health and Human Services</u>, 955 F.2d 765, 770 (1st Cir. 1991)(per curiam)(lack of sustained treatment supports decision that claimant was able-bodied). Since substantial evidence supported the finding that the appellant suffered no significant, nonexertional impairment, the ALJ did not err in applying the Grid or in failing to find that she was disabled by lack of bilateral, manual dexterity. <u>Ortiz</u> v. <u>Secretary of Health and Human Services</u>, 890 F.2d 520 (1st Cir. 1989)(*per curiam*).

<u>Affirmed</u>. Loc. R. 27(c).