[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2565

ISRAEL FALCON-CARTAGENA,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Melba N. Rivera-Camacho on brief for appellant.
Guillermo Gil, United States Attorney, Camille Velez-Rive, Assistant U.S. Attorney, and Robert J. Triba, Regional Chief Counsel, Social Security Administration, on brief for appellee.

October 11, 2001

**Per Curiam**.  Claimant Israel Falcon-Cartagena appeals from a decision of the district court upholding the Commissioner's denial of disability and disability insurance benefits under the Social Security Act.  After carefully reviewing the briefs and record below, we affirm the Commissioner's decision.

The issues on appeal center around two questions: (1) whether, as of September 30, 1997, the date he was last insured, claimant had the exertional capability to perform sedentary work, and (2) whether the ALJ's reliance on the Medical-Vocational Guidelines (the "Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, was improper in light of his finding that claimant suffered from significant nonexertional limitations.  Claimant also contends that the ALJ improperly discounted his subjective complaints of pain.

I.      Exertional Limitations

We conclude that there was ample support in the record for the ALJ's assessment of appellant's exertional capabilities.  Although claimant's treating physician concluded that he was disabled, that is an issue reserved for the Commissioner.  20 C.F.R. § 404.1527(e)(1); Irlanda

<u>Ortiz</u> v. <u>Secretary of Health and Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991); <u>Rodriguez</u> v. <u>Secretary of Health and Human Services</u>, 647 F.2d 218, 222 (1st Cir. 1981). Moreover, the treating doctor's opinion was inconsistent with other evidence in the record including treatment notes and evaluations performed by both examining and non-examining physicians, and the record as a whole was adequate to support the findings.[1]   <u>Ward</u> v. <u>Commissioner of Social Security</u>, 211 F.3d 652, 655 (1st Cir. 2000); <u>Rodriguez</u>, 647 F.2d at 222.

The same can be said for the ALJ's findings concerning the appellant's subjective complaints of pain. Although claimant suffered from "a clinically determinable medical impairment" -- tenosynovitis and myositis -- "that can reasonably be expected to produce the pain alleged," <u>Avery</u> v. <u>Secretary of Health and Human Services</u>, 797 F.2d 19, 21 (1st Cir. 1986), there was also evidence to the contrary, and the ALJ personally observed claimant at the hearing.   "[W]e pay particular attention to an ALJ's

_____

[1]For the same reason, we reject claimant's contention that the ALJ erred in failing to give controlling weight to his treating physician's opinion.  <u>See</u> 20 C.F.R. § 404.1527(d)(2); <u>Rodriguez Pagan</u> v. <u>Secretary of Health and Human Services</u>, 819 F.2d 1, 3 (1st Cir. 1987); <u>Lizotte</u> v. <u>Secretary of Health and Human Services</u>, 654 F.2d 127, 130 (1st Cir. 1981).

evaluation of complaints of pain in light of their subjective nature." <u>Ortiz</u> v. <u>Secretary of Health and Human Services</u>, 890 F.2d 520, 523 (1st Cir. 1989) (citations and internal quotations omitted).


II.        <u>Nonexertional Limitations</u>

Claimant's nonexertional impairments present only a slightly closer question.  Where a claimant has a nonexertional impairment in addition to an exertional limit, the decision to rely on the Grid to sustain the Commissioner's burden of proof depends upon whether the claimant's nonexertional impairments significantly affects his ability to perform the full range of jobs at the relevant exertional level. <u>See</u> <u>Rose</u> v. <u>Shalala</u>, 34 F.3d 13, 19 (1st Cir. 1994); <u>Heggarty</u> v. <u>Sullivan</u>, 947 F.2d 990, 996 (1st Cir. 1991); <u>Ortiz</u>, 890 F.2d at 524.

Here, the ALJ found that claimant had a "significant" nonexertional limitations that made it "impossible for him to perform tasks requiring constant overhead reaching and engage in complex, non routine and skilled tasks." However, the ALJ determined that claimant's capacity for the full range of (unskilled) sedentary work was not significantly compromised, and, using Rule 201.23 of

-4-

the Grid as a "framework," concluded that claimant was not disabled. Because the ALJ reached this determination without taking any vocational testimony, he is deemed to have relied exclusively on the Grid to show that jobs that claimant could perform existed in the national economy. See Ortiz, 890 F.2d at 524 n.4.

A. Mental Restriction

The relevant medical evidence shows that claimant suffered from "slight" or "mild" major depression, and exhibited symptoms of nervousness, anxiety, somatic difficulties, chest pain, and hypertension. Claimant's treating physician noted that he frequently had trouble understanding instructions. A treating psychiatrist and a consulting psychiatrist evaluated claimant and reported that claimant had a relatively normal mental status except for a depressed mood, poor concentration, poor recent memory, and diminished judgment and insight. Psychiatric RFC assessments and Psychiatric Review Technique Forms ("PRTF") rated claimant as moderately limited in his activities of daily living and in several work-related areas of functioning, but only slightly or not significantly limited in all other areas of functioning.

In his decision, the ALJ expressly adopted the opinions of the psychiatrists who rated claimant's abilities to do work-related activities. To the extent claimant's treating physician's opinion that claimant was unable to work is inconsistent with those reports, we note that the treating doctor is not a psychiatrist and that, in any case, her opinion on the ultimate issue of disability is not controlling. 20 C.F.R. § 404.1527(e)(1); Irlanda Ortiz, 955 F.2d at 769; Rodriguez, 647 F.2d at 222. Accordingly, we think that the ALJ was justified in relying on the expert medical opinions of the state psychiatrists, and his decision demonstrates that he gave due consideration to the effect of claimant's mental impairment on his capacity for unskilled work. Further, since the RFC and PRTF reports indicate that claimant was at the most moderately limited in areas of functioning required for unskilled work, we conclude that they adequately substantiate the ALJ's finding that claimant's mental impairment did not affect, more than marginally, the relevant occupational base.

B. Reaching Restriction

Finally, with respect to claimant's limitation on reaching, we recognize that, since reaching is an activity

required in almost all unskilled jobs, significant limitations on reaching may eliminate a large number of occupations a person could otherwise do. See Social Security Ruling 85-15, *Titles II and XVI--Capability to do Other Work--The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments* (S.S.A. 1985), available in 1985 WL 56857. In this case, the ALJ did not find that claimant's overall ability to reach was significantly affected. Rather, the ALJ concluded that claimant was unable to perform only tasks requiring "constant overhead reaching with the left arm." Since this specific ability is only a narrow subset of the full range of reaching, and the evidence as a whole does not suggest that the ALJ's characterization of claimant's limitation was understated, we think the ALJ was justified in concluding that claimant's reaching restriction had only a marginal effect on the relevant occupational base. Accordingly, the ALJ's use of the Grid was proper and no further vocational evidence was required.

Affirmed. Loc. R. 27(c).