**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2258

PASCUAL ROMAN-ROMAN,

Plaintiff, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Héctor M. Laffitte, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for appellant.
H. S. Garcia, Unites States Attorney, Camille Velez-Rive, Assistant United States Attorney, and Robert M. Peckrill, Assistant Regional Counsel, Social Security Administration, on brief for appellee.

November 19, 2004

**Per Curiam**. Appellant Pascual Roman-Roman alleged disability due to severe mental and physical impairments. The evidence submitted by appellant showed that he had worked at a newspaper for nearly 30 years. Toward the end of this period a back injury and back surgery, followed by re-injury and other events, precipitated debilitating pain and serious depression. In 1998, after physical therapy and psychiatric treatment, appellant sought disability benefits alleging inability to work from March 1998 onward.

The ALJ found that appellant's impairments barred his return to his past work, but that despite some physical limitations appellant retained the residual physical capacity for unskilled light work. These findings are not at issue on this appeal. The ALJ further found, however, that appellant's non-exertional impairments--that is, his mental difficulties--did not significantly erode the occupational base available to appellant for such work, and that the occupational "grid" therefore applied to (and precluded) his disability claim. Appellant seeks review of this determination.

Our review is limited to assuring that the ALJ deployed the correct legal standards and found facts upon the proper quantum of evidence. 42 U.S.C. § 405(g) (2000); Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam). We will uphold the decision only if it is

supported by substantial evidence, evidence rationally adequate on the record as a whole to justify the conclusion. <u>Rodriguez Pagan</u> v. <u>Sec'y of Health & Human Servs.</u>, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam), <u>cert. denied</u>, 484 U.S. 1012 (1988). Although weighting evidence and resolving conflicts are the ALJ's prerogative, he may not ignore evidence, misapply the law or judge matters entrusted to experts. <u>Nguyen</u> v. <u>Chater</u>, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam).

Under the case law, it is appropriate for the Secretary to rely upon the grid to bar disability status where a claimant is within the exertional limitations and the admitted mental impairments have only a slight effect on the availability of work. <u>Heggarty</u> v. <u>Sullivan</u>, 947 F.2d 990, 996 (1st Cir. 1991). "If a non-strength impairment, even though considered significant, has the effect only of reducing that occupational base marginally, the Grid . . . can be relied on exclusively . . . ." <u>Ortiz</u> v. <u>Sec'y of Health & Human Servs.</u>, 890 F.2d 520, 524 (1st Cir. 1989). The ALJ's determination thus presents two questions for review: whether the ALJ acted properly in crediting some experts' testimony over others', and if so whether the credited portions of the medical evidence were sufficient to permit the ALJ to rely solely on the grid.

With regard to the first question, the ALJ's relative weighing of the medical testimony is adequately supported by the

evidence. The ALJ was presented with conflicting opinions regarding Roman's mental capacity: these ranged from a prognosis of complete dysfunction by Roman's psychiatrist to one of moderate functioning by a non-examining government psychologist. The record also included two other government attending psychologists' opinions, which were less sanguine than the non-attending physician but conveyed some degree of adequate mental functioning. It was within the ALJ's discretion to credit the more positive reports of Roman's mental condition; we cannot find his conclusions in this regard unsupported by substantial evidence. See Rodriguez Pagan, 819 F.2d at 2-3.

The second question is more difficult. The question of the impact of Roman's condition on the availability of work is one on which the Secretary bears the burden of proof, Vazquez v. Sec'y of Health & Human Servs., 683 F.2d 1, 2 (1st Cir. 1982), and under Ortiz the Secretary may use the grid as a shortcut to denial of disability only if the impairments do no more than marginally erode the range of work available to the applicant in an established work category. 890 F.2d at 524. Although the issue is a close one, we think that even the more positive evaluations of Roman's mental condition are insufficient to show what Ortiz requires.

The most favorable report of any of the attending psychiatrists still found moderate depression sufficient to merit

a "guarded" prognosis; it also found that appellant's judgment was only fair, that his short-term memory remained poor, that he could not concentrate enough to recite days backward or subtract by threes, and that his daily activities were minimal. Similarly, the non-examining state psychologist noted that appellant was afflicted with an affective disorder including depression, irritability, hallucinations and other characteristics that moderately limited his functioning in a number of relevant categories, including understanding, concentration and social interaction.

In the absence of a better explanation as to how these medical findings illustrate that a nearly full set of unskilled light work is available to Roman, we believe that a translation from medical evaluations to job prospects was more appropriately reserved for a vocational expert. On this record, there are significant mental constraints outlined by even the most positive psychological prognoses and we cannot find any clear basis for concluding that the impairments have no significant effect on the work still available to appellant. This certainly does not show that appellant is disabled but, unless this gap is closed, it does preclude reliance upon the grid.

On remand, the ALJ may employ a vocational expert to fill the gap, obtain further medical evidence that may link Roman's mental capacity more directly to the work he is capable

-5-

of doing, or both.  This is admittedly a close case but the evidence of impairment is somewhat stronger here than in <u>Ortiz</u>, which affirmed a denial based upon the grid but only barely.  We do not suggest that a vocational expert is required in all such cases.

<u>Vacated and remanded.</u>