Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 18-1510

DEVYN ELLEN APPLEBEE,

Plaintiff, Appellant,

v.

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. Nancy Torresen, Chief U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

Riley L. Fenner for appellant.
Halsey B. Frank, United States Attorney, Michael J. Pelgro, Social Security Administration Regional Chief Counsel, and Molly E. Carter, Special Assistant United States Attorney, on brief, for appellee.

November 30, 2018

**PER CURIAM**.  Appellant Devyn Ellen Applebee appeals from a district court judgment affirming the Acting Commissioner of Social Security's denial of her application for disability benefits.  An administrative law judge ("ALJ") found that, although Applebee suffered from a variety of ailments, she retained sufficient residual functional capacity to perform certain sedentary work.  Applebee contends that, in reaching that conclusion, the ALJ erroneously assigned little or no weight to Applebee's treating and examining sources and to Applebee's own subjective testimony.  After careful review, we affirm.

As we have stated repeatedly, the ALJ's findings shall be conclusive if they are supported by substantial evidence, and must be upheld "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion," even if the record could also justify a different conclusion.  Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222-23 (1st Cir. 1981) (citations omitted).  In applying the "substantial evidence" standard, we bear in mind that it is the province of the ALJ, not the courts, to find facts, decide issues of credibility, draw inferences from the record, and resolve conflicts of evidence.  See Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (citing Rodriguez, 647 F.2d at 222).

In a detailed and well-reasoned opinion, the ALJ identified substantial evidence to support his assignment of little or no weight to Applebee's treating and examining sources. Specifically, the ALJ found that those sources were inconsistent with the bulk of Applebee's medical record, including extensive physical and mental examination notes, laboratory and diagnostic testing results, and with the opinions of three state agency experts. Moreover, the ALJ permissibly discounted Applebee's credibility in light of her previous failure to attend a disability claims hearing, failure to follow a prescribed course of treatment, infrequency of treatment, and paucity of mental health treatment records.

While the record arguably could support a different conclusion, there is clearly substantial evidence to support the ALJ's findings. Accordingly, we uphold the ALJ's decision. See Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

**Affirmed.**