Tina **BOURASSA**, Plaintiff,

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 92–40154–GN.**

United States District Court,
D. Massachusetts.

Feb. 11, 1994.

---

David R. Patterson, Shrewsbury, MA, for Tina Bourassa.

Gwendolyn R. Tyre, U.S. Attys. Office, Boston, MA, for Louis Sullivan.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of the final decision reached by the Secretary of Health and Human Services ("Secretary") under the Social Security Act, as amended, 42 U.S.C. § 405(g).

On December 28, 1989, Tina Bourassa filed an application for disability insurance benefits and supplemental security income claiming she has been unable to work since August 7, 1986 due to carpal tunnel syndrome, fibrositis, depression and post traumatic stress disorder. Plaintiff's applications were denied initially and, after reconsideration, by the Social Security Administration ("SSA").

The Administrative Law Judge ("ALJ") considered the matter de novo, and, on October 24, 1991, found that plaintiff was under no disability. On July 9, 1992, the Appeals Council denied the request for review, rendering the decision of the ALJ the final decision of the Secretary of Health and Human Services. Plaintiff subsequently filed this motion to review the Secretary's decision.

## I. FACTS

Plaintiff was 33 years old at the time of the ALJ decision and had previous work experience as a secretary, nurse's aide, machine operator and clerk/cashier. In addition, she has an associate's degree in liberal arts and vocational training as both a secretary and carpenter. Plaintiff seeks to establish the onset of her disability as August 1986.

Plaintiff has seen various doctors for her complaints of pain and depression. The medical evidence shows that plaintiff has fibrositis, obesity and post traumatic stress disorder. She has also undergone bilateral carpal tunnel release surgery.

Plaintiff testified that she has difficulty using her hands and walking or standing for prolonged periods. She claimed she can stand comfortably for only 10–15 minutes and has difficulty bending, kneeling and climbing stairs. In addition, her sitting is limited by back pain. Furthermore, plaintiff complained of insomnia and difficulty with concentration and memory. However, in a questionnaire dated July 18, 1990, plaintiff stated she lived alone, prepared her own meals, did household chores, went shopping, was able to drive, did not have trouble concentrating while reading or watching television, visited friends, went to a health club on a daily basis and did not become upset at changes in her routine.

Non-examining physicians who examined the medical records estimated that plaintiff had the residual physical capacity to lift and carry up to 25 pounds frequently, to stand, sit or walk for up to six hours in an eight hour day and to push or pull without limitation. The physicians concluded that the evidence established no limitations on manipulative functions. Dr. Gianetti, a consulting psychiatrist, found evidence of a personality disorder but concluded that it did not result in significant functional limitations and was non-severe.

## II. LEGAL ANALYSIS

Plaintiff contends that the decision of the ALJ is not supported by substantial evidence and was an improper application of the law. Specifically, Ms. Bourassa claims that her psychiatric condition compels a finding that she is disabled and that there is a lack of substantial evidence to support the ALJ's conclusion that her allegations of pain are not credible. This Court finds plaintiff's factual contentions unpersuasive and disagrees with her legal arguments.

Review of the Secretary's final decision is limited as mandated by 42 U.S.C. § 405(g).

Factual findings by the Secretary must be affirmed if they are supported by substantial evidence. *Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128–130 (1st Cir.1981). Although the record may arguably support more than one conclusion, the Secretary's decision must be upheld, "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support (her) conclusion." *Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991) (*quoting Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir. 1981)).

It is the responsibility of the Secretary, not the courts, to determine issues of credibility and to resolve conflicts in the evidence. *Id.* Where facts permit diverse inferences, the Secretary will be affirmed so long as the inferences drawn are supported by the evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *Lizotte,* 654 F.2d at 128.

To establish entitlement to benefits, a plaintiff has the burden of proving that he has become disabled within the meaning of the Social Security Act. *Bowen v. Yuckert,* 482 U.S. 137, 146–47 n. 5, 107 S.Ct. 2287, 2293–94 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health & Human Services,* 686 F.2d 76, 79 (1st Cir.1982). The Social Security Act defines disability in §§ 216(i)(1), 223(d)(1) and 1614(a)(3)(A) (42 U.S.C. §§ 416(i)(1), 423(d)(1) and 1382c(a)(3)(A)), as the inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months.

Sections 223(d) and 1614(a) of the Act (42 U.S.C. §§ 423(d) and 1382c(a)), further provide, in pertinent part, that an individual:

> shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

A "physical or mental impairment" is defined as:

> an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

Under section 223(d)(5) of the Act (42 U.S.C. § 423(d)(5)):

> An individual shall not be considered under a disability unless he furnishes such medical and other evidence thereof as the Secretary may require.

Thus, evidence of an impairment is not enough to warrant an award of disability insurance benefits. The plaintiff must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *McDonald v. Secretary of Health & Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986).

In the case at bar, although the evidence shows that plaintiff has fibrositis, obesity, post traumatic stress disorder and has had bilateral carpal tunnel release surgery, there is substantial evidence in the record to support the ALJ's finding that her conditions singly or in combination did not meet or equal the criteria of the listing of impairments at 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4. After evaluating all of the evidence presented, the ALJ determined that plaintiff had the residual functional capacity to perform the full range of light work.

The ALJ determined that plaintiff's past work as a clerk/cashier was light work and did not require the performance of work activities precluded by her limitations. Plaintiff's impairments do not prevent her from performing her past work. Therefore, plaintiff cannot be found to lack the ability to be gainfully employed and cannot be consid-

ered disabled as defined by the Social Security Act.

With respect to plaintiff's complaints of pain and the severity of her symptoms, the ALJ considered the record in light of *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir.1986). Pursuant to *Avery,* the ALJ assesses the credibility of the complaints, considering:

"1) the nature, location, onset, duration, frequency, radiation and intensity of pain;

2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3) type, dosage, effectiveness and adverse side effects of any pain medication;

4) treatment, other than medication, for relief of pain;

5) functional restrictions;  and

6) the claimant's daily activities."

*Avery,* 797 F.2d at 28–29. The ALJ found plaintiff's complaints not credible to the extent alleged. Ms. Bourassa's allegations of disabling pain were undermined by her admissions that she regularly attended a health club and could undertake daily living activities.

Ms. Bourassa's multiple complaints on their own cannot render her disabled under the definition in the Social Security Act. "A claimant's statement as to his pain shall not alone be conclusive evidence of disability." *Id.* at 20.

Rather, there must be:

medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged....

42 U.S.C. § 423(d)(5).

A disability is only established if the medical findings,

when considered with all the evidence ... (including statements of the individual or his physician as to the intensity or persistence of such pain ... which may reasonably be accepted as consistent with the medical signs and findings), would lead to

a conclusion that the individual is under a disability.

*Avery,* 797 F.2d at 21.

The ALJ examined the record and determined that plaintiff's condition does not meet the requirements for disability according to its statutory definition. The ALJ determined that the plaintiff's complaints did not rise to the level of disability and that the plaintiff was capable of light work. The Secretary will be affirmed so long as the Secretary's inferences are supported by the evidence. *Rodriguez Pagan,* 819 F.2d at 3; *Lizotte,* 654 F.2d at 128. The majority of the medical evidence compels an inference that the plaintiff is neither disabled nor unable to perform any kind of gainful employment. Therefore, the Secretary's decision to deny plaintiff disability benefits will be affirmed.

### ORDER

For the foregoing reasons, this Court finds that the ALJ's determination that plaintiff is not disabled within the meaning of the Social Security Act was not an error of law and was consistent with the substantial evidence and relevant legal standards. Accordingly, the decision of the ALJ is **AFFIRMED.**

So Ordered.