USCA1 Opinion

 

 April 23, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1791 ADRIAN GARCIA-MARTINEZ, Plaintiff, Appellant, v. COMMISSIONER OF SOCIAL SECURITY, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jaime Pieras, Jr., U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Raymond Rivera Esteves and Juan A. Hernandez Rivera on brief for ______________________ _________________________ appellant. Guillermo Gil, United States Attorney, Maria Hortensia Rios- ______________ _______________________ Gandara, Assistant United States Attorney, and Wayne G. Lewis, _______ ________________ Assistant Regional Counsel, Region I, Social Security Administration, on brief for appellee. ____________________ ____________________ Per Curiam. Claimant Adrian Garcia-Martinez ___________ appeals from the district court judgment affirming the decision of the Secretary of Health and Human Services that claimant is not entitled to Social Security disability benefits. Claimant raises four arguments on appeal: (1) the administrative law judge (ALJ) did not comply with the Appeals Council's remand order to obtain more evidence concerning the existence of a mental impairment; (2) the ALJ erred in not crediting the opinion of claimant's treating physician that claimant was completely disabled; (3) the ALJ's finding that claimant could return to his past medium work was unsupported by the record; and (4) the vocational expert (VE) failed to take into consideration claimant's limitations on his range of motion. We agree with the district court's decision, adding the following points keyed to claimant's arguments on appeal. 1. The ALJ obtained the services of a medical advisor, a psychiatrist and neurologist, who reviewed the entire record and observed claimant at the hearing. He opined that claimant did not have a mental impairment. This conclusion particularly was supported by claimant's response to the question why he had stopped working. On two occasions, claimant answered that his physical problems prevented him from continuing with his employment. He never referred to any emotional symptoms, much less described how -2- his mental condition affected his ability to engage in work- related activities. See Santiago v. Secretary of Health and ___ ________ _______________________ Human Services, 944 F.2d 1, 5-7 (1st Cir. 1991) (per curiam) _______________ (where the testimony and the evidence did not go far enough to raise a "meaningful issue" in regard to how claimant's impairments affected her ability to work, the ALJ had no duty to further develop the record by obtaining residual functional capacity assessments). 2. The ALJ did not err in not giving controlling weight to the opinion of claimant's treating physician, Dr. Martinez, that claimant was completely disabled. Given the conflicting evidence, the ALJ was not required to accede to the treating physician's opinion rather than the contrary evidence of the medical advisor and to other evidence supporting the latter's position. See Rodriguez Pagan v. ___ ________________ Secretary of Health and Human Services, 819 F.2d 1, 3 (1st ________________________________________ Cir. 1987) (per curiam), cert. denied, 484 U.S. 1012 (1988). ____________ 3. The uncontradicted residual functional capacity assessment of the medical advisor restricted claimant to lifting 30 pounds; medium work involves the ability to lift 50 pounds. See 20 C.F.R. 404.1567(c). Consequently, ___ claimant cannot perform the full range of medium work. ____ However, the vocational expert not only opined that claimant could perform his past, medium work as a groundskeeper, he also listed light jobs that would be available to claimant. -3- Given that claimant can do some medium work, he is deemed to be able to perform light work. Id. Thus, the Secretary ___ satisfied her burden, at step five of the sequential process, to show that there was other work claimant could perform. Id. 404.1520(f). ___ 4. There was conflicting evidence concerning claimant's range of motion (for example, Dr. Stella-Arrillaga found no limitations). Thus, there is no basis for the __ claimant's assertion that the vocational expert and ALJ disregarded established limitations on claimant's range of motion. The ALJ's decision must stand. See Rodriguez v. ___ _________ Secretary of Health and Human Services, 647 F.2d 218, 222 ________________________________________ (1st Cir. 1981) (conflicts in the evidence are for the Secretary to resolve). Affirmed. ________ -4-