**Benjamin CRUZ RIVERA,
Plaintiff, Appellant,**

v.

**SECRETARY OF HEALTH AND HU-
MAN SERVICES, Defendant,
Appellee.**

No. 85–1882.

United States Court of Appeals,
First Circuit.

Submitted March 7, 1986.

Decided June 3, 1986.

Rafael Carreras-Valle, Rio Piedras, P.R., on brief, for plaintiff, appellant.

Nathan K. Kobin, Office of the General Counsel, Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., Randolph W. Gaines, Deputy Chief Counsel for Litigation, and A. George Lowe, Chief, Disability Litigation Branch, Baltimore, Md., on brief, for defendant, appellee.

Before COFFIN, BREYER, and TORRUELLA, Circuit Judges.

PER CURIAM.

Benjamin Cruz Rivera (claimant) appeals from a judgment affirming a decision by the Secretary of Health and Human Services denying his application for social security disability benefits. We affirm.

Claimant applied for disability benefits on August 17, 1983, alleging disability since February, 1978. His application was denied initially and upon reconsideration. After a hearing, an ALJ found that claimant was not disabled because he did not have a severe impairment.[1] The Appeals Council denied review of the ALJ's decision, thus making it the final decision of the Secretary.

Under the applicable regulations, an impairment is not severe if it "... does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). "Basic work activities" are "... the abilities and aptitudes necessary to do most jobs...." 20 C.F.R. § 404.1521(b).

---

1. Under the sequential evaluation procedure used by the Secretary for determining disability claims, a finding that a claimant does not have a severe impairment automatically results in a finding of not "disabled." *See* 20 C.F.R. § 404.-1520(c); *Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5, 6–7 (1st Cir.1982).

Claimant argues that the Secretary's decision is not supported by substantial evidence. We disagree. Claimant claimed disability due to epilepsy; however, the evidence of record does not refer to an epileptic condition until January, 1983 (T. 236), which is almost two years after claimant was last insured for disability purposes. (*See* T. 14–15). Claimant is not entitled to disability benefits unless he can demonstrate that his disability existed prior to the expiration of his insured status. *See Deblois v. Secretary of Health and Human Services*, 686 F.2d 76, 80–81 (1st Cir. 1982); *Sampson v. Califano*, 551 F.2d 881, 882 (1st Cir.1977); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir.1979), *cert. denied*, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979).[2]

Although claimant also alleged disability due to headaches, the evidence fails to indicate that they constituted a severe impairment.[3] Neurological evaluations performed in February, 1982, and May, 1983, were essentially negative, and found claimant to be alert and oriented, with good memory and no aphasia, agnosia, or apraxia.[4] (T. 170, 150). An EEG performed in April, 1980, revealed a normal resting tracing. (T. 188). Although a CT scan performed in June, 1980, revealed a possible lesion, subsequent CT scans and EEGs produced normal results. (T. 152, 153, 182). Similarly, the evidence does not support claimant's allegations of a disabling eye or hand impairment. (*See, e.g.*, T. 170, 192).

There is also substantial evidence to support the Secretary's determination that claimant's mental impairment was not severe. A February, 1982, neurological evaluation found claimant alert and oriented with good past, recent and immediate memory. A final psychiatric report dated August 28, 1978, found claimant to be coherent and oriented. (T. 204). Contrary to claimant's assertion, the evidence does not indicate that he has a mental impairment which meets or equals one of the impairments listed in 20 C.F.R. Section 404, Subpart P, Appendix I of the Secretary's regulations.

Claimant has raised other issues on appeal. We have fully considered those issues and find them without merit.

*The judgment of the district court is affirmed.*

---

2. We note that evidence concerning claimant's condition after the insured period expired also failed to indicate a severe impairment. An EEG and a CT scan performed in May, 1983, revealed normal results. (T. 152, 153).

3. Claimant argues that the district court did not properly consider his subjective complaints of pain. However, the district court's function was to review the Secretary's decision, not to make a *de novo* determination. *See* 42 U.S.C. § 405(g). To the extent claimant may argue that the Secretary did not adequately consider claimant's complaints of pain, we note that in his disability benefit application (T. 86), claimant did not allege disability due to pain. In any event, the evidence fails to indicate the presence of a disabling condition due to pain.

4. "Aphasia" is a "defect or loss of the power of expression by speech, writing, or signs, or of comprehending spoken or written language, due to injury or disease of the brain centers...." Dorland's Illustrated Medical Dictionary at 99 (1985).
"Agnosia" is a "loss of the power to recognize the import of sensory stimuli...." *Id.* at 41.
"Apraxia" is a "loss of ability to carry out familiar, purposeful movements in the absence of paralysis or other motor or sensory impairment...." *Id.* at 104.