Robert W. McKEON, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 93–40102–XX–GN.

United States District Court, D. Massachusetts.

Feb. 10, 1995.

352

Robert W. McKeon, pro se.

Charlene A. Stawicki, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of the final decision of the Secretary of Health and Human Services ("the Secretary") under the Social Security Act, as amended, 42 U.S.C. § 405(g).

On January 17, 1990, the plaintiff, Robert W. McKeon ("McKeon"), filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), claiming an inability to work since January 24, 1989. The Social Security Administration ("SSA"), denied Plaintiff's application initially, and on reconsideration, for lack of coverage.

As a result of the denials, plaintiff filed a Request for a Hearing before an Administrative Law Judge ("ALJ") and amended his onset date of disability to February 23, 1973. Plaintiff claimed an inability to work since that date due to a right leg impairment caused by a gunshot wound, pain, nerves and stress. A hearing was held on August 21, 1990, at which the plaintiff appeared *pro se.* The ALJ found that the plaintiff was insured for disability status at the time of his amended onset date of disability of February 23, 1973 and remained insured through September 30, 1978. The ALJ, therefore remanded the case to the SSA for a medical determination of plaintiff's alleged disability and for an evaluation of his applicable work activity.

The SSA again denied plaintiff's claim, both initially and on reconsideration. This time, the SSA concluded that there was insufficient medical evidence to support a finding of disability on or prior to September 30, 1978. On November 13, 1991, plaintiff requested another hearing and subsequently appeared *pro se* before a different ALJ. The

ALJ considered the matter *de novo*, and on July 24, 1992, found that the plaintiff was not under any disability within the meaning of the Social Security Act. On March 22, 1993, the Appeals Council denied plaintiff's request for review, thereby rendering the decision of the ALJ the final decision of the Secretary of Health and Human Services, subject to judicial review.

Plaintiff seeks a review of the Secretary's final decision claiming that 1) the decision of the ALJ is based upon only partial review of incomplete evidence, and 2) the ALJ did not properly pursue an investigation of the medical problems either to substantiate or disprove those claimed. In addition, plaintiff asks this court to take into account that he has appeared *pro se* and moves to vacate the Secretary's decision and find in his favor. This Court finds that the plaintiff has not supported his position with factual or legal arguments and, for the reasons stated herein, the decision of the Secretary will be AFFIRMED.

## I. FACTUAL BACKGROUND

Plaintiff was born on November 3, 1925, and was 67 years old at the time of the second ALJ decision. Plaintiff completed high school and attended Worcester Junior College where he took engineering courses. Plaintiff has prior work experience as a tavern manager, an electronics equipment specialist and a repair technician. In 1970, plaintiff purchased a tavern and operated it until 1973. At the March 1992 hearing, plaintiff testified that he worked 103 hours per week when he first opened the tavern.

In 1973, plaintiff sustained three gunshot wounds. He underwent surgery for perforation of the small bowel and injury to the right femoral nerve at Worcester City Hospital. Medical evidence indicates that the plaintiff was hospitalized less than two weeks for this injury and that he could walk very well with the support of a cane upon discharge. X-rays of the right hip, leg and femur indicate that plaintiff sustained no injury to the bone. Dr. Bernard Stone, a consulting neurologist, recommended gait training, a knee brace and other treatment.

At the hearing, plaintiff testified that he was bedridden for a while and could not walk when he first left the hospital. He also testified that he could not climb stairs because his right leg would give out without warning.

Medical evidence shows that plaintiff has experienced some residual weakness in this right leg as a result of his earlier injuries. Nevertheless, plaintiff has testified that he has not had any treatment for his leg since 1973. Furthermore, plaintiff has not taken any medication, even though he claims that he has been in constant pain since the gunshot wound. Plaintiff described his pain as a "Charlie-horse" type of pain.

In 1976, plaintiff was hospitalized for an unrelated matter. A physical examination conducted at that time showed that the plaintiff's extremities were within normal limits. In 1978, plaintiff's insured disability status expired. He was hospitalized in 1983 for injuries sustained from a 20-foot fall and a physical examination then revealed that he was neurologically intact.

At the hearing in March, 1992, plaintiff testified that after his injury in 1973, he performed some inventory type work and bookkeeping for his tavern until July, 1989, when the tavern closed. Plaintiff stated that he tried to find employment after his business closed, but claimed that he could not find work because of his limited mobility. Plaintiff also testified that he was able to walk using a cane and to drive an automobile. After the hearing, plaintiff sent a letter to the ALJ stating that:

> the reason I could not function satisfactory as a worker after my injuries was not only the physical demand of my leg, but also the pain that caused mental stress resulting in a very low behavior tolerance and lack of patience with patrons.

There is no evaluation in the record of the plaintiff's mental status during the applicable period and no evidence of a diagnosis of, or treatment for, emotional complaints.

The ALJ found that there is some evidence that plaintiff experienced some residual weakness in his right leg as a result of his injuries, but the medical evidence contains

nothing to substantiate any residuals which would have precluded the plaintiff from resuming work activity. The ALJ also found that the plaintiff does not have an impairment or combination of impairments which equals one listed in Appendix 1, Subpart P, 20 C.F.R. Part 404. The ALJ concluded that the plaintiff has the residual functional capacity for his past work as a tavern manager and that his physical vocational base is not significantly compromised by any non-exertional impairment such as pain. As a result, the ALJ determined that the plaintiff was not disabled during his insured disability status period.

## II. LEGAL ANALYSIS

### A. *Standard of Review*

■ Factual findings by the Secretary must be affirmed if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g). *See Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991); *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128–130 (1st Cir.1981). Although the record may arguably support more than one conclusion, the Secretary's decision must be upheld, "if a reasonable mind, reviewing the evidence in the record as a whole could accept it as adequate to support his conclusion." *Ortiz*, 955 F.2d at 769, *quoting Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir.1981). *See also Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ The Secretary, not the reviewing court, has the responsibility of determining issues of credibility and resolving conflicts in the evidence. *Ortiz*, 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 141 (1st Cir.1987). Where facts permit diverse inferences, the Secretary will be affirmed so long as the inferences drawn are supported by the evidence. *Rodriguez Pagan v. Secretary of Health and Human Services*, 819 F.2d 1, 3 (1st Cir.1987), *cert. denied*, 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *Lizotte*, 654 F.2d at 128.

### B. *Disability Analysis*

■ To establish entitlement to disability benefits, the burden rests with the plaintiff to prove that he has become disabled within the meaning of the Social Security Act. *Bowen v. Yuckert*, 482 U.S. 137, 146–147 n. 5, 107 S.Ct. 2287, 2293–2294 n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health and Human Services*, 686 F.2d 76, 79 (1st Cir.1982). In the case at bar, plaintiff has the additional requirement of showing that his impairment reached disability status on or before September 30, 1978, the date on which his insured status expired. *Evangelista*, 826 F.2d at 140 n. 3; *Cruz Riveria v. Secretary of Health and Human Services*, 818 F.2d 96, 97 (1st Cir.), *cert. denied*, 479 U.S. 1042, 107 S.Ct. 903, 93 L.Ed.2d 854 (1987).

■ Under the terms of the Act, a person suffers from a disability when he is unable to engage in any substantial, gainful activity due to a medically determinable condition likely to result in death or continuously last for at least twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1) and 1382c(a)(3)(A). In addition, the plaintiff must submit confirming medical evidence to prove his disability. *See, e.g.*, 42 U.S.C. §§ 416(i)(1), 423(d)(1), (3), (5), and 1382c(a)(3)(A). Moreover, not only must the claimant be unable to perform his past work, but, given his age, education and work experience, he must be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B). Evidence of a physical impairment is not enough to warrant an award of disability insurance benefits; the plaintiff must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1120 (1st Cir.1986).

■ Although the evidence shows that plaintiff in this case has suffered a perforation of the small bowel and injury to the right femoral nerve, there is substantial evidence in the record to support the ALJ's finding that the condition did not meet or equal the criteria necessary to constitute an "impairment" under 20 C.F.R., Appendix 1,

Subpart P, Part 404. After evaluating all of the evidence presented, the ALJ determined that the medical evidence contained nothing to substantiate any residuals which would have precluded the claimant from resuming work activity. The ALJ determined that during all periods relevant to claimant's application, the claimant retained the residual functional capacity for his past work as a tavern manager. The ALJ also determined that plaintiff's physical vocational base was not significantly compromised by any non-exertional impairment such as pain.

The record indicates that the only evidence concerning plaintiff's alleged right leg impairment consists of the initial short-term hospitalization and a neurological consultation with Dr. Stone. Although the plaintiff experienced some residual weakness in his right leg, the plaintiff was able to walk with a cane within two weeks of his injury. The evidence also shows that the plaintiff has received no further treatment for this injury during the relevant disability status period. Furthermore, plaintiff was deemed neurologically intact after a physical examination ten years after the alleged onset date and five years after his insured status expired.

With respect to plaintiff's allegations of pain, the ALJ evaluated the record in light of the guidelines set forth in *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir.1986). Pursuant to *Avery,* the ALJ assessed the credibility of the complaints, considering:

  (i)   the nature, location, onset, duration, frequency, radiation and intensity of pain;

  (ii)  precipitating and aggravating factors;

  (iii) type, dosage, effectiveness and adverse side effects of any pain medication;

  (iv)  treatment, other than medication, for relief of pain;

  (v)   functional restrictions; and

  (vi)  the claimant's daily activities.

*Avery,* 797 F.2d at 28–29. The ALJ found that the nature, duration and frequency of the claimant's pain during the relevant period were *de minimis,* with little evidence of more than minimal true functional limitation secondary to pain. This Court agrees with that finding.

■ The plaintiff's complaints concerning his pain and limitations, on their own, cannot render him disabled under the definition in the Act. "A claimant's statement as to his pain shall not alone be conclusive evidence of disability." *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir. 1986). Plaintiff's complaints must be supported by medical evidence in order to provide the basis of entitlement to disability benefits. *Id.*

The record contains no medical evidence corroborating the plaintiff's allegations of pain and limitations. In fact, the plaintiff testified on the record that he took no medication for the pain. Further, plaintiff did not undergo any treatment for his alleged pain aside from his initial, short-term hospitalization during the relevant disability status period from 1973 through 1978.

Although plaintiff does have some residual weakness in his right leg, the evidence as a whole supports the ALJ's finding. Plaintiff's claim of disability is inconsistent with both the medical evidence on the record and the plaintiff's own testimony. The evidence shows that plaintiff was not disabled within the meaning of the Social Security Act at any time prior to the expiration of his insured disability status on September 30, 1978. The evidence also indicates that the plaintiff retained the functional capacity for his past work as a tavern manager during the relevant disability status period. Accordingly, the Secretary's decision denying the plaintiff disability benefits will be affirmed.

## III. CONCLUSION

Based upon the foregoing considerations, this Court finds that a reasonable mind could have concluded from the evidence on the record that plaintiff is not disabled within the meaning of the Social Security Act. The Court also finds that the ALJ properly applied the relevant legal standards.

## ORDER

For the foregoing reasons, this Court finds that the Secretary's final determination was

supported by substantial evidence on the record and analyzed under the appropriate legal standards. Accordingly, the decision of the Secretary is **AFFIRMED.**

So Ordered.