[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2318

 NICANOR BERMUDEZ,

 Plaintiff, Appellant,

 v.

 SECRETARY OF HEALTH AND HUMAN SERVICES,

 Defendant, Appellee.

  

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge] 

 

 Before

 Torruella, Chief Judge, 
 Stahl and Lynch, Circuit Judges. 

 

 Juan Jose Rosario on brief for appellant. 
 Guillermo Gil, United States Attorney, Edna C. Rosario- 
Munoz, Assistant United States Attorney, and Wayne G. Lewis, 
Assistant Regional Counsel, Social Security Administration, on
brief for appellee.

 

 October 24, 1997
 

 Per Curiam. This is an appeal from a district 

court judgment affirming a decision of the Secretary of

Health and Human Services denying appellant's claim for

disability benefits. The claim was filed more than twenty-

one years after the alleged onset of appellant's disability

due to injuries sustained in an automobile accident shortly

before the expiration of his insured status. Appellant

alleged a continuous disability from the date of the

accident, September 6, 1967 through February 3, 1989, the

date of his first application for benefits. The application

was initially denied by an Administrative Law Judge ("ALJ")

whose decision was affirmed by the Appeals Council. The case

was remanded to the Secretary by the district court, however,

with instructions to secure an expert cardiologist's

assessment of the extent and duration of appellant's injuries

and functional limitations. 

 On remand, after considering expert medical

evidence and testimony, and reviewing the entire record, the

ALJ1 concluded that appellant's occupational impairment did 1

not meet the durational requirement of the statute. See 42 

  

 1The ALJ to whom the remanded case was initially assigned 1
passed away after the hearing. A second ALJ reviewed the
hearing tape, and the entire record, before issuing a lengthy
and detailed decision. Appellant, who has been vigorously
represented by counsel throughout, has filed an
"informational motion" objecting to this decisional sequence
for the first time on this appeal. Construed as a motion to
supplement appellant's brief and the issues on appeal, it is
denied.  

 -2-

U.S.C. 423(d)(1)(A). Appellant had to establish the onset

of a disability before the expiration of his insured status,

which precluded all substantial gainful activity for a

continuous period of not less than twelve months. Id. An 

expert cardiologist testified, however, that although

appellant's injuries initially were disabling, the average

recuperative period from the ensuing heart surgery, which was

performed in February, 1968, was six months. After six

months, an average patient would have been able to engage in

sedentary work. Whether appellant had needed a longer or

shorter than average recuperative period could not be

determined without contemporaneous medical evaluations. There

were no contemporaneous evaluations, however, because

appellant did not seek any medical treatment after he was

discharged from the hospital, on or about June 28, 1968,

until shortly before he filed his application, nearly twenty-

one years later. Medical tests at the time of the

application, the expert opined, revealed a lingering heart

condition which, nonetheless, did not preclude sedentary

work.

 A review of the record by this court reveals

substantial evidence to support the Secretary's decision.

Appellant argues that since his injuries prevented him from

resuming his past relevant work, the regulatory burden of

going forward with the evidence shifted to the Secretary to

 -3-

show that appellant could perform other jobs available in the

national economy. The rules regarding the burden of proof in

Social Security cases, however, "resist translation into

absolutes." Pelletier v. Secretary, 525 F.2d 158, 161 (1st 

Cir. 1975) (observing that flexibility is required because

Social Security cases are not strictly adversarial). Here,

the Secretary produced the best available evidence given the

twenty-one year divide between appellant's relevant physical

condition and the Secretary's first opportunity to assess

it.2 The expert's testimony, coupled with the negative 2

inference that arose from claimant's failure to seek any

medical treatment in the interim, see Irlanda Ortiz v. 

Secretary of HHS, 955 F.2d 765, 767 (1st Cir. 1991), and the 

more current assessments of appellant's heart condition and

physical capacity, constitutes substantial evidence. In

these circumstances, although a different inference may be

possible, the ALJ's choice among the competing inferences was

a reasonable one. See Rodriguez Pagan v. Secretary of HHS, 

  

 2Although appellant said that once, in 1968, he inquired 2
about applying for Social Security benefits and was dissuaded
by an unidentified employee, this one inquiry, if it occurred
at all, would not have alerted the Secretary to the existence
of appellant's claim. See Schweiker v. Hansen, 450 U.S. 785 
(1981) (affirming then prevailing rule that Secretary is not
estopped in such circumstances from insisting on a written
application "essential to the honest and effective
administration of the Social Security laws"); cf. 20 C.F.R.  
404.633 (1994) (requiring detailed proof to establish a
retroactive, "deemed," filing date based on misinformation
allegedly provided by an employee after 1982). 

 -4-

819 F.2d 1, 3 (1st Cir. 1987), cert. denied, 484 U.S. 1012 

(1988); Lizotte v. Secretary of HHS, 654 F.2d 127, 128 (1st 

Cir. 1981). There also was no error in the finding that

appellant failed to establish a medically determinable mental

impairment prior to the expiration of his insured status.

See Cruz Rivera v. Secretary of HHS, 818 F.2d 96, 97 (1st 

Cir. 1986), cert. denied, 479 U.S. 1042 (1987); Deblois v. 

Secretary of HHS, 686 F.2d 76, 78 (1st Cir. 1982). 

 Accordingly, the judgment below is affirmed. 

 -5-