USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2318 NICANOR BERMUDEZ, Plaintiff, Appellant, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Stahl and Lynch, Circuit Judges. ______________ ____________________ Juan Jose Rosario on brief for appellant. _________________ Guillermo Gil, United States Attorney, Edna C. Rosario- ______________ _________________ Munoz, Assistant United States Attorney, and Wayne G. Lewis, _____ _______________ Assistant Regional Counsel, Social Security Administration, on brief for appellee. ____________________ October 24, 1997 ____________________ Per Curiam. This is an appeal from a district ___________ court judgment affirming a decision of the Secretary of Health and Human Services denying appellant's claim for disability benefits. The claim was filed more than twenty- one years after the alleged onset of appellant's disability due to injuries sustained in an automobile accident shortly before the expiration of his insured status. Appellant alleged a continuous disability from the date of the accident, September 6, 1967 through February 3, 1989, the date of his first application for benefits. The application was initially denied by an Administrative Law Judge ("ALJ") whose decision was affirmed by the Appeals Council. The case was remanded to the Secretary by the district court, however, with instructions to secure an expert cardiologist's assessment of the extent and duration of appellant's injuries and functional limitations.  On remand, after considering expert medical evidence and testimony, and reviewing the entire record, the ALJ1 concluded that appellant's occupational impairment did 1 not meet the durational requirement of the statute. See 42 ___  ____________________ 1The ALJ to whom the remanded case was initially assigned 1 passed away after the hearing. A second ALJ reviewed the hearing tape, and the entire record, before issuing a lengthy and detailed decision. Appellant, who has been vigorously represented by counsel throughout, has filed an "informational motion" objecting to this decisional sequence for the first time on this appeal. Construed as a motion to supplement appellant's brief and the issues on appeal, it is denied.  ______ -2- U.S.C. 423(d)(1)(A). Appellant had to establish the onset of a disability before the expiration of his insured status, which precluded all substantial gainful activity for a continuous period of not less than twelve months. Id. An __ expert cardiologist testified, however, that although appellant's injuries initially were disabling, the average recuperative period from the ensuing heart surgery, which was performed in February, 1968, was six months. After six months, an average patient would have been able to engage in sedentary work. Whether appellant had needed a longer or shorter than average recuperative period could not be determined without contemporaneous medical evaluations. There were no contemporaneous evaluations, however, because appellant did not seek any medical treatment after he was discharged from the hospital, on or about June 28, 1968, until shortly before he filed his application, nearly twenty- one years later. Medical tests at the time of the application, the expert opined, revealed a lingering heart condition which, nonetheless, did not preclude sedentary work. A review of the record by this court reveals substantial evidence to support the Secretary's decision. Appellant argues that since his injuries prevented him from resuming his past relevant work, the regulatory burden of going forward with the evidence shifted to the Secretary to -3- show that appellant could perform other jobs available in the national economy. The rules regarding the burden of proof in Social Security cases, however, "resist translation into absolutes." Pelletier v. Secretary, 525 F.2d 158, 161 (1st _________ _________ Cir. 1975) (observing that flexibility is required because Social Security cases are not strictly adversarial). Here, the Secretary produced the best available evidence given the twenty-one year divide between appellant's relevant physical condition and the Secretary's first opportunity to assess it.2 The expert's testimony, coupled with the negative 2 inference that arose from claimant's failure to seek any medical treatment in the interim, see Irlanda Ortiz v. ___ ______________ Secretary of HHS, 955 F.2d 765, 767 (1st Cir. 1991), and the ________________ more current assessments of appellant's heart condition and physical capacity, constitutes substantial evidence. In these circumstances, although a different inference may be possible, the ALJ's choice among the competing inferences was a reasonable one. See Rodriguez Pagan v. Secretary of HHS, ___ _______________ ________________  ____________________ 2Although appellant said that once, in 1968, he inquired 2 about applying for Social Security benefits and was dissuaded by an unidentified employee, this one inquiry, if it occurred at all, would not have alerted the Secretary to the existence of appellant's claim. See Schweiker v. Hansen, 450 U.S. 785 ___ _________ ______ (1981) (affirming then prevailing rule that Secretary is not estopped in such circumstances from insisting on a written application "essential to the honest and effective administration of the Social Security laws"); cf. 20 C.F.R.  ___ 404.633 (1994) (requiring detailed proof to establish a retroactive, "deemed," filing date based on misinformation allegedly provided by an employee after 1982).  -4- 819 F.2d 1, 3 (1st Cir. 1987), cert. denied, 484 U.S. 1012 ____________ (1988); Lizotte v. Secretary of HHS, 654 F.2d 127, 128 (1st _______ ________________ Cir. 1981). There also was no error in the finding that appellant failed to establish a medically determinable mental impairment prior to the expiration of his insured status. See Cruz Rivera v. Secretary of HHS, 818 F.2d 96, 97 (1st ___ ____________ _________________ Cir. 1986), cert. denied, 479 U.S. 1042 (1987); Deblois v. ____________ _______ Secretary of HHS, 686 F.2d 76, 78 (1st Cir. 1982). ________________ Accordingly, the judgment below is affirmed. ________ -5-