**Diane DUCKWORTH–BUBAR, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

**No. 02–50–B–S.**

United States District Court, D. Maine.

Dec. 31, 2002.

Diane A. Duckworth–Bubar, Greenbush, ME, pro se.

David A. Chase, MacDonald, Chase & Szewczyk, Bangor, ME, for plaintiff.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Peter S. Krynski, Social Security Disability Lit., Answer Section, Falls Church, VA, Eskunder Boyd, Assist. Regional Counsel, Boston, MA, for defendant.

### ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

The United States Magistrate Judge filed with the Court on November 20, 2002 his Recommended Decision. Plaintiff filed her objections to the Recommended Decision on December 11, 2002. I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

1. It is therefore *ORDERED* that the Recommended Decision of the Magistrate Judge is hereby *AFFIRMED*.

2. It is further *ORDERED* that the commissioner's decision be *AFFIRMED*.

**REPORT AND RECOMMENDED**

## DECISION [1]

DAVID M. COHEN, United States Magistrate Judge.

This Social Security Disability ("SSD") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff had no severe impairment as of December 31, 1995, the date last insured. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir.1982), the administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to remain insured only through December 31, 1995, Finding 1, Record at 18; that she had not engaged in substantial gainful activity since March 15, 1995, the alleged date of onset of the disability, Findings 1 & 2, *id.;* that as of the date last insured the plaintiff had the medically determinable impairments of viral syndrome and an ankle sprain, Finding 3, *id.;* that as of the date last insured the plaintiff did not have any impairment or impairments that significantly limited her ability to perform basic work-related functions and therefore did not have a severe impairment, Finding 4, *id.;* and that she was not under a disability at any time through the date last insured, Finding 5, *id.* The Appeals Council declined to review the decision, *id.* at 7–8, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir.1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso–Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir.1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir.1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85–28).

The plaintiff contends that she was disabled by Crohn's disease, ulcerative colitis and/or irritable bowel syndrome as of the

1. This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on November 19, 2002, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

date last insured. Statement of Specific Errors (Docket No. 3) at 2. The administrative law judge noted that a consultant observed in October 1999 that the plaintiff had been diagnosed with inflammatory bowel disease in 1982 and treated for four to five years with Sulfasalazine and courses of steroids to which she responded well. Record at 16. She also noted the plaintiff's testimony that the symptoms of her disease as of the alleged date of onset included frequent cramping and bowel movements for which she did not seek medical treatment at the time, and that she had a family history of Crohn's disease. *Id.* at 17. The administrative law judge also noted that the plaintiff relied on Exhibits 3F and 7F to support her claim. *Id.* Exhibit 3F is an emergency room record from Henrietta D. Goodall Hospital dated September 15, 1986 recording the plaintiff's report under "Medication History" that she had been taking "sulfocalazine" as needed for ulcerative colitis and Crohn's disease but discontinued the drug three months previously. *Id.* at 156. Exhibit 7F is progress notes covering the period from September 14, 1998 to September 5, 2000 from Old Town Family Practice which include references to a history of colitis but also record the plaintiff's reports that she took no medications for this condition and that, "after going through an herbal treatment plan, she was basically symptom free for 10 years" prior to the note, dated September 14, 1998. *Id.* at 197.

The plaintiff now also cites a "diagnosis" of Crohn's disease or ulcerative colitis on January 13, 1990, but that physician merely records the plaintiff's own report that she "was diagnosed as having Crohn's or ulcerative colitis approximately 3 years ago." *Id.* at 229. There is no suggestion in the administrative record that this physician either diagnosed or treated either such condition. The plaintiff contends that this physician also "noted that she was symptomatic for Crohn's disease" on April 10, 1991, Statement of Errors at 2, but that entry in the medical record actually notes "minimal" complaints of such symptoms and does not prescribe any medication or treatment for them, Record at 234. The plaintiff also reported to another physician in October 1990 that her Crohn's disease or ulcerative colitis had been "cured" by the "Shakley Vitamins" treatment. *Id.* at 223.

A claimant must demonstrate that her disability existed prior to the date last insured. *Cruz Rivera v. Secretary of Health & Human Servs.,* 818 F.2d 96, 97 (1st Cir.1986). A claimant's testimony about symptoms is insufficient to establish a severe impairment at Step 2 in the absence of medical evidence of an underlying disease or medical condition that could cause the symptoms. 20 C.F.R. § 404.1508. Here, the medical evidence simply does not support the existence of a severe impairment due to Crohn's disease, ulcerative colitis or bowel disease in 1995. *See Irlanda Ortiz v. Secretary of Health & Human Servs.,* 955 F.2d 765, 769 (1st Cir. 1991) (gaps in medical record may be treated as evidence); *see generally Cruz Rivera,* 818 F.2d at 97. The only medical evidence is to the contrary, as noted above. While such a condition may have existed at some time before the date last insured, the only medical evidence in the record is to the effect that the condition had resolved or, at most, imposed minimal or no limitations on the plaintiff's ability to perform work-related functions by that date. Accordingly, the commissioner's decision must be upheld. *See* 20 C.F.R. §§ 404.1512(c), 404.1529(a) & (b).

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

November 20, 2002.