John A. WOLMS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 02–4287.

United States Court of Appeals, Seventh Circuit.

Argued May 28, 2003.

Decided July 17, 2003.

Before EASTERBROOK, MANION, and KANNE, Circuit Judges.

### ORDER

John Wolms was employed by General Electric as an appliance repairer, but stopped working some time early in 1992. On February 12, 1999, Wolms, alleging disability since January 1, 1992, unsuccessfully applied for disability insurance benefits from the Social Security Administration. His last insured date was December 31, 1996. After holding two hearings in June and August 2000, the Administrative Law Judge (ALJ) found, at step two of the familiar five-step process,[1] that Wolms, although he had a history of medical problems dating to 1972, suffered "no medically determinable severe impairments as of December 31, 1996." The ALJ therefore denied benefits. Wolms sought to appeal to the Appeals Council and, on August 28, 2001 and September 12, 2001, sent the Council additional evidence. Nonetheless, the Council denied Wolms's request for review on March 22, 2002. It explained that, even in light of the additional evidence Wolms put forth, there was still no basis for challenging the ALJ's decision. Wolms then brought suit in the district court under 42 U.S.C. § 405(g), but the district court held that substantial evidence supported the ALJ's determination

---

1. Step one disqualifies claimants who are engaged in substantial gainful activity from being considered disabled. Step two disqualifies claimants who do not have one or more severe impairments significantly limiting their physical or mental ability to conduct basic work activities. Step three automatically labels as disabled those claimants whose impairment or impairments meet the duration requirement and are listed or equal to those listed in a given appendix. Benefits are awarded at step three if claimants are disabled. Step four disqualifies remaining claimants whose impairments do not prevent them from doing past relevant work. Step five disqualifies claimants whose impairments do not prevent them from doing other work, but at this last step the burden of proof shifts from the claimant to the government. Claimants not disqualified by step five are eligible for benefits. 20 C.F.R. §§ 404.1520 and 416.920 (2003).

and denied relief. Wolms appeals, raising three issues.

■ Wolms first contends that he had at least one severe impairment, or a severe combination of impairments, at the time of his administrative hearing, and that it was therefore error to deny his claim at step two. When a claimant produces evidence of an impairment, a determination of non-disability at step two is proper only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if [his] age, education, or work experience were specifically considered." *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir.1986) (quoting Social Security Ruling 85–28). On this point, Wolms provides us with no more than a series of conclusory assertions. He states that he "did have severe impairments at the time of the hearing. He suffered from debilitating Menier's [sic] disease, with vertigo episodes so severe that he was bed ridden, he had heart disease, hearing loss, abdominal pain and depression. All of these symptoms are consistent with endocarditis." Wolms provides no citation to the record in support of these assertions, nor does he explain how they had "more than a minimal effect on [his] ability to work even if [his] age, education, or work experience were specifically considered." He therefore has failed to develop his argument that the ALJ erred in denying benefits at step two and we decline to provide relief on that ground.

■ Wolms's second argument is that the ALJ committed reversible error by failing to follow SSR 83–20's procedures for determining the onset date of disability. We disagree because where, as here, there is no finding of disability under step two, SSR 83–20 is inapplicable. *Key v.*

*Callahan*, 109 F.3d 270, 274 (6th Cir.1997); *see also Wallschlaeger v. Schweiker*, 705 F.2d 191, 197 (7th Cir.1983) (holding that, once the ALJ determined that there was no severe impairment, the claim was barred and the ALJ should have ceased the inquiry).

■ Wolms's final argument is that this case should be remanded to the Commissioner for consideration of new evidence not considered by the ALJ, under sentence six of 42 U.S.C. § 405(g). To be entitled to a sentence-six remand, Wolms must show a reasonable probability that the Commissioner would have reached a different conclusion had she considered the evidence. *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir.1997). Wolms relies on two pieces of evidence to justify a remand: a nurse practitioner's report of May 30, 2000 and a January 17, 2001 VA Rating Decision. The district court concluded, and having reviewed both documents we agree, that this evidence was immaterial because it "did not address any functional limitations prior to December 31, 1996, his last insured date." Nothing in either document establishes that Wolms suffered a severe impairment between 1992 and December 31, 1996, so neither document would be likely to change the outcome. *See Cruz Rivera v. Secretary of Health & Human Servs.*, 818 F.2d 96, 97 (1st Cir. 1986) (holding that a claimant must demonstrate that his disability existed before his last insured date). This case is therefore not suitable for a sentence-six remand.

AFFIRMED.