[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

No. 01-1191

CHRISTINE DIAS,

Plaintiff, Appellant,

v.

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

Before

Selya, Circuit Judge,
Cyr, Senior Circuit Judge,
and Lynch, Circuit Judge.

Michael James Kelley on brief for appellant.
Donald K. Stern, United States Attorney, and Anne G. Depew,
Assistant U.S. Attorney, on brief for appellee.

October 11, 2001

**Per Curiam**. Claimant Christine Dias appeals the decision of the district court which upheld the denial of Social Security disability benefits. We have carefully reviewed the record and the parties' briefs and affirm the district court judgment for essentially the reasons stated in that court's Memorandum and Order, dated January 8, 2001. We add only the following comments.

1. The conclusions of Dr. May Louie, claimant's treating physician, that claimant's Charcot-Marie-Tooth disease meets the listing for peripheral neuropathies and that claimant is disabled are not binding on the Commissioner as these determinations are reserved solely for the Commissioner. See 20 C.F.R. §§ 404.1527(e)(1) and (e)(2).

2. As for claimant's argument that she cannot perform the full range of sedentary work due to both exertional and non-exertional limitations, there are conflicts in the evidence. Claimant's own testimony at the hearing was contradictory and Dr. Louie's assessment of claimant's residual functional capacity (RFC) is inconsistent with her observations of claimant as recorded in her office notes. Other evidence inconsistent with the opinion of Dr. Louie can be found in the report of Dr. Alan Mandell and in the other RFC assessments in the record. This evidence,

contrary to claimant's contention, is entitled to be credited by the Commissioner.  See Rodriguez Pagan v. Secretary of Health and Human Services, 819 F.2d 1, 2-3 (1st Cir. 1987) (per curiam).  Because conflicts are for the Commissioner to resolve, not the courts, Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981), the judgment of the district court is affirmed.