**Norma CRUZ, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**No. CIV. 03–1153 (PG–JAC).**

United States District Court, D. Puerto Rico.

Feb. 12, 2004.

---

56

Cristina Muñoz Gándara, Esq., Bayamón, PR, for Plaintiff.

Camille L. Vélez–Rivé, AUSA, U.S. Attorney's Office, Torre Chardón, San Juan, PR, for Defendant.

## OPINION AND ORDER

CASTELLANOS, United States Magistrate Judge.

Above plaintiff filed this action under the Social Security Act to obtain review of the final decision of the Commissioner of Social Security denying her application for a period of disability and ensuing benefits. 42 U.S.C. § 405(g). She filed her initial application on May 23, 2001, claiming inability to work since January 1, 2001, because of a severe mental condition. The presiding Administrative Law Judge (ALJ) denied the same after an administrative hearing. Plaintiff thereafter filed a second application on March 27, 2003, with same onset date and impairments, and it was granted as of March of 2003, but not prior to said date.[1] This action seeking judicial review relates to the denial of the first application.[2]

---

1. The second application allowed benefits one day after the ALJ's denial of her initial claim, that is, since September 28, 2002.

2. " ... [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing." Section 205(g) of the Social Security Act.

Plaintiff ceased working as a housekeeper at the Disney World Resorts in 1997 and returned to Puerto Rico from Florida. She claims her depression exacerbated around 1998 and had gradually worsened by January 1, 2001. At the time she filed the application now before this Magistrate, the Claims Representative noticed that the claimant appeared accompanied by a relative and she was poorly dressed and groomed, did not answer questions and looked alienated. However, the first psychiatric medical evidence as to her condition refers to date of February 13, 2001, when the treating physician diagnosed a major depressive disorder with psychotic features. At the time the report was prepared, July 5, 2001, plaintiff had six monthly visits and had been under medication, without remission of her initial symptoms.

 There is no evidence that plaintiff was malingering at any time, and as such, the ALJ's findings to discredit her testimony at the hearing proceedings as exaggerated behavior for crying constantly and as one out of proportion with her surroundings, should be viewed under a clear and convincing framework. Otherwise, the reasons given by the ALJ for disregarding the testimony is not supported by substantial evidence, notwithstanding that credibility determinations are for the ALJ to made. When the severity of claimant's symptoms are supported by objective medical evidence from the treating physician, the ALJ would be required to provide clear and convincing reasons for rejecting the claimant's testimony only when there is evidence of malingering. *Smolen v. Chater*, 80 F.3d 1273, 1283–84 (9th Cir.1996).

Dr. William Galindez' report noted he began treating plaintiff on February 13, 2001, and monthly thereafter, because, among others, she was very depressed, irritable, forgetful, and preferring to be alone. Her psychomotor activity showed retardation, poor attention, and concentration, with poor interpersonal and interfamily relationships. She always attended treatment accompanied by a relative. She was evasive with slow tempo and depressed facial expression, speaking in low tone of voice, inattentive, distant from the therapist, and tolerating poorly the interview. She cried constantly and spontaneously, was oriented in person and place, but not in time. Her immediate, short term and remote memory was poor. As to her concentration, the psychiatrist consistently observed the patient to become easily distracted, unable to focus attention for long periods of time. Her concentration was also diminished; her judgment was superficial and insight was poor. The diagnosis was of major depressive disorder with psychotic features.

There is a non-treating physician assessment upon referral by the administrative agency dated 11/21/2001 that emphasized a concern that the treating physician's previous opinion was a projected assessment and the patient should be expected to improve within a year. In light of same, the case was referred for a consultative psychiatric evaluation to Dr. Reinaldo E. Kianes. Medications at the time were described as Xanax, 1 mg. daily, Serzone 100 mg. bid, Buspar 10 mg. bid, Risperdal 1 mg. bid. The patient's history was noted as not watching television, listening to the radio, nor reading. She would usually spend the day wandering in the house. It is also noted that she goes shopping and to church with her husband. She does not drive and her relations with neighbors were superficial. During the consultative interview she had sporadic eye contact with the interviewer and is described as being cooperative. Her speech was nonspontaneous and productive; her mood

was depressed. Past and remote memory seemed impaired and so was her concentration. The diagnosis was of amnestic disorder NOS with depressive disorder NOS.

■■ The Administrative Law Judge is not required to give greater weight to opinions of treating physicians in social security disability case. *Arroyo v. Secretary of Health & Human Servs.*, 932 F.2d 82 (1st Cir.1991). *See Rodriguez Pagan v. Secretary of Health & Human Servs.*, 819 F.2d 1 (1st Cir.1987) (opinions of physicians in social security disability proceeding are not entitled to greater weight merely because they are treating physicians, as opposed to consulting physician). To be controlling, among other things, the treating physician's opinion must not be inconsistent with the other substantial evidence in the case record. *See Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir.1990) (*per curiam*) (the opinion of an examining consultant and a non-examining physician who completed an RFC assessment can constitute "substantial evidence"). Conflicts in the evidence are for the Commissioner, not the courts. *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir.1981). *See* 20 C.F.R. § 404.1527(d)(2); *see also Rodriguez Pagan v. Secretary of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir.1987); *Lizotte v. Secretary of Health & Human Servs.*, 654 F.2d 127, 130 (1st Cir. 1981). Still, the weight to be given to an advisory report would vary with the circumstances, including the nature of the illness and the information provided by the expert. *Rodriguez v. Secretary, supra* 647 F.2d at 223.

■ Counsel's memorandum refers to claimant's relative, a cousin, as providing details of plaintiff's conditions and symptoms during the consultative evaluation. She had also assisted in completing the daily activities questionnaire indicating that plaintiff needed to be reminded of taking her medication and that although she was able to take care of her own personal needs, she had to be reminded to do them, as well as household chores, which were almost never finished and rarely did a good job. The cousin, Ms. Beltrán, and plaintiff's adult son, would help with the house and with the shopping list and with paying the bills because plaintiff would get confused easily and was forgetful about the money. Although the ALJ can afford whatever credibility he considers appropriate to these supporting statements, it was not even considered in the ALJ's findings and opinion. The court must uphold the Commissioner's findings if a reasonable mind, reviewing the record as a whole, would accept it as adequate to support his/her conclusions. *Irlanda Ortiz v. Secretary of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir.1991); *Rodriguez v. Secretary of Health & Human Servs., supra*, 647 F.2d at 222.

■■ To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[3] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error.

---

3. *Falu v. Secretary of Health & Human Servs.,* 703 F.2d 24 (1st Cir.1983).

*Seavey v. Barnhart,* 276 F.3d 1, 9 (1st Cir.2001). *See Rodriguez v. Secretary of Health and Human Servs.,* 647 F.2d 218, 222 (1st Cir.1981).

This Magistrate considers that the decision of the Commissioner lacks substantial evidence in support. Remand in the instant case would be warranted. A remand on disability determinations is appropriate for the administrative agency to be able to consider new evidence when the new evidence would be material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. New evidence meets the materiality requirement if it bears directly and substantially on the matter in dispute and there is a reasonable possibility that the new evidence would have changed the outcome. There being material or new evidence that needs to be considered by the Commissioner, the decision should be remanded for further consideration of plaintiff's limitations on activities and accomplishment of tasks as discussed above either through the testimony of a medical advisor or further consideration of other witnesses' account of plaintiff's restrictions and residual functional activities imposed by same.

The Clerk is to enter judgment accordingly remanding this action.

IT IS SO ORDERED.