**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2890

PEDRO L. BENETTI,

Plaintiff, Appellant,

v.

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Ramon H. Rivera-Sanchez on brief for appellant.
Jason W. Valencia, Special Assistant U.S. Attorney, H.S. Garcia, United States Attorney, and Katherine Gonzales Valentin, Assistant U.S. Attorney, on brief for appellee.

September 6, 2006

        **Per Curiam**.  After carefully considering the briefs and record on appeal, we affirm the Commissioner's decision.

        We review the ALJ's decision under the same standard as the district court to ensure that it was rendered under the proper legal standards and supported by substantial evidence.  42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1 (1st Cir. 2001).  We will not consider new evidence not presented to the Commissioner.  See Mills v. Apfel, 244 F.3d 1 (1st Cir. 2001).

        Although the appellant suffered pain, the ALJ could reasonably find that it was less severe than alleged.  Among other factors, one provider's report of substantial limitation was contradicted by other providers' and reviewers' reports of less extreme debility.  The record as a whole provided substantial evidence for the ALJ's finding.  Avery v. Sec'y Health & Human Servs., 797 F.2d 19 (1st Cir. 1986).  The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also. Rodriguez Pagan v. Sec'y Health & Human Servs., 819 F.2d 1 (1st Cir. 1987).

        The appellant's remaining arguments are unavailing.  The record contained ample evidence of the appellant's capacities.  The ALJ did not interpret raw medical data or substitute his opinion for the professionals'.  Despite other ambiguities, the vocational expert clearly rendered the opinion that substantial work was

available, given the appellant's exertional limitations and need for a sit/stand option.

Affirmed.  1st Cir. R. 27(c).